Statement of the Case.
MONROE, J.
On September 26, 1906, Williamson Bros, delivered to plaintiff’s agent, at Milliken, La., for transmission to McGuire & Schneider, at Lake Providence, La., a telegram reading: “Send one large rasp, one hair hoof trimmer by express.” The telegram was duly transmitted to plaintiff’s agent at Lake Providence, and was received by him on the day it was sent, but without any sufficient reason was not delivered to the addressees. who found it in the telegraph office at 1:20 o’clock the next day. The addressees thereupon complained to the defendant (Railroad Commission), which, holding (quoting) “that such negligence is inexcusable, and it is in direct violation of the rules and regulations of the commission, and especially rule No. 66, as printed in the commission’s seventh annual report, reading as follows: ‘All messages offered for transmission must be promptly forwarded and delivered’ ” — proceeded to impose upon plaintiff a fine of $100, and thereupon plaintiff brought this suit in the district court of East Baton Rouge, alleging that the commission was without authority to adopt rule 66, and praying that the sentence imposed thereunder be annulled, to which defendant pleaded the exception of no cause of action, and, the same having been sustained, plaintiff has appealed.
Opinion.
The constitutional provisions establishing the commission and defining its powers read (in part) as follows, to wit:
“Art. 283. A railroad, express, telephone, telegraph, steamboat and other water craft, and sleeping car, commission is hereby created. * * *
“Art. 284. The power and authority is hereby vested in the commission, and it is hereby made its duty, to adopt, change, or make, reasonable and just rates, charges and regulations, to govern and regulate railroad, steamboat and other water craft, and sleeping car, freight and passenger tariffs and service, express rates, and telephone and telegraph charges, to correct abuses, and prevent unjust discrimination and extortion in the rates for the same, on the different railroads, steamboat and other water craft, sleeping car, express, telephone and telegraph lines of this state, and to prevent such companies from charging any greater compensation in the aggregate for the like kind of property or passengers, or messages, for a shorter than a longer distance over the same line, unless authorized by the commission to do so, in special cases; to require all railroads to build and maintain suitable depots, switches and appurtenances, wherever the same are reasonably necessary at stations, and to inspect railroads and to require them to keep their tracks in a safe condition, and to fix and adjust rates between branch or short lines and the great trunk lines with which they connect, and to enforce the same by having the penalties hereby prescribed inflicted through the proper courts having jurisdiction. The commission shall have'power to adopt and enforce such reasonable rules, regulations and modes of procedure, as it may deem proper for the discharge of its duties, and to hear and determine complaints that may be made against the classification or rates it may establish, and to regulate the mode and manner of all investigations and hearings of railroad companies and other parties before it, in the establishment of rates, orders, charges, and other acts, required or authorized by these provisions. They shall have power to summon and compel the attendance of witnesses, to swear witnesses, and to compel the production of books and papers, to take testimony under com *761 mission, and to punish for contempt, as fully as is provided by law for the district courts.”
Article 285 provides that if any “party in interest” be dissatisfied with any order, regulation, or action of the commission, he may bring suit in the court of its domicile, setting forth his objection, and that in such case either party may appeal to this court, without regard to the amount involved.
Article 286 provides that any company (subject to its jurisdiction) which shall violate any order or decision of the commission shall be subject to a fine of not less than $100 nor more than $5,000, etc., and that the power of the commission “affects only business done between points within this state.”
' Article 288 provides that upon the recommendation of the commission the Legislature may enlarge the powers conferred on it, and confer others, or add other penalties, “to make the work of the commission effective,” ánd provide additional assistance.
Acts No. 16, p. 22, of 1900, No. 24, p. 28, of 1904, and Nos. 36 and 39, pp. 52, 54, of 1906, were passed in furtherance of the purposes of the foregoing provisions of the Constitution; but there are no statutory enactments bearing upon the question here at issue, which is:
Whether the commission has jurisdiction to adopt and enforce any rule regulating telegraph “service,” as contradistinguished from telegraph “charges.”
The commission possesses no other power than that conferred upon it by the law of its creation, and under that law it has at the utmost only the power that is conferred in express terms or by necessary or fair implication. The accepted rule- with regard to the construction of laws establishing private corporations has been stated by the Supreme Court of the United States as follows:
“We take the general doctrine to be, in this country, that the powers of corporations organized under legislative statutes are such, and such only, as those statutes confer. Conceding the rule, applicable to all statutes, that what is fairly implied is as much granted as what is expressed, it remains that the charter of .a corporation is the measure of its powers, and that the enumeration of those powers implies the exclusion of all others.” Thomas v. West Jersey R. Co., 101 U. S. 71, 25 L. Ed. 950.
As to the construction of the charters of municipal corporations, Judge Dillon says:
“It is a general and undisputed proposition of law that a municipal corporation possesses, and can exercise, the following powers, and no others: First, those granted in express words; second, those necessarily or fairly implied in, or incident to, the powers expressly granted; third, those essential to the declared objects and purposes of the corporation.” Dillon’s Municipal Corporations (4th Ed.) p. 145.
Whether one of the effects of the constitutional provisions which are here invoked is to establish a corporation is immaterial to the present inquiry, save that it might reasonably be required that the grant of power to a “commission” created hy law for a particular purpose, and existing only within the limits of the law of its creation, should be interpreted according to those canons of construction which are applied where other purely legal entities are concerned. It is no doubt true that, in the interpretation of Constitutions, as in the interpretation of statute law, the inquiry is to be directed to the ascertainment of the idea intended to he expressed in the language used; but the conditions under which the interpretation is to be reached in the one case differ somewhat from those which are to be considered in the other. The particular aspect in which the fact is pertinent to the issue to be here determined has been well presented by the Supreme Court of Indiana as follows:
“The discretion of courts is more restricted in applying the rules of construction to a plan of government contained in a written Constitution than- in the construction of statutes; and the reason is conclusive. Statutes are often hastily and unskillfully drawn, and thus need construction to make them sensible. But Constitutions import the utmost discrimination in the use of language.” Greencastle v. Black, 5 Ind. 570: A. & E. Enc. of Law (2d Ed.) p. 921.
*763 Returning, then, to the law to be here interpreted, we find, upon a careful consideration of its provisions, that the power is nowhere conferred upon the commission to regulate, or make orders with regard to, telegraph service.
Article 281 begins by conferring the power “to make * * * rates, charges and regulations” ; but the grant is of itself meaningless, and it is only when considered in connection with the context that we learn the purpose for which it is made, to wit:
“To govern and regulate railroad, steamboat and other water craft, and sleeping car, freight, and passenger tariffs .and service, express rates, and telephone and telegraph charges.”
Up to this point it is obvious that, whilst the power “to make * * * regulations” relates to freight and passenger “tariff and service,” the grant is px vi termini limited, so far as telegraphy is concerned, to “charges.” And the article proceeds (there being a comma after the word “charges”):
“To correct abuses, and to prevent unjust discrimination and extortion in the rates for the same, on the different railroads, * * 4 aa¿ telephone and telegraph lines of this state, and to prevent such companies from charging,” etc.
To correct abuses in what? Assuredly in something previously referred to, or in something to be thereafter referred to; and in the one case we find it to be “freight and passenger tariffs and service, express rates, and telephone and telegraph charges,” and in the other “rates * * * on the different railroads * * * telephone and telegraph lines,” etc.
The Constitution, therefore, in terms grants to the commission the power “to make * * * regulations, to govern * * * the tariffs and service” of carriers of passengers and freight, and in equally express terms grants it the power “to make * * * regulations, to govern” the charges and rates of telephone and telegraph lines; and this court finds no warrant for holding the discrimination was not intended; for, as Judge Cooley observes:
“The remark of Lord Bacon, that ‘as exceptions strengthen the force of a general law, so enumeration weakens as to things not enumerated,’ expresses a principle of common law applicable to the Constitution.” Cooley, Const. Lim. p. 78.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled and reversed, and that there now be judgment in favor of plaintiff, decreeing defendant’s order No. 66, reading, “All messages offered for transmission must be promptly forwarded and delivered,” to be ultra vires of defendant and void, as also its order No. 652, adopted for the enforcement of said order No. 66. It is further decreed that defendant pay all costs.