FOURNET, Justice.
 

 This original proceeding, ■ which was instituted by the Committee on Professional Ethics and Grievances of the Louisiana State Bar Association, to disbar James W. Jones is based on the findings of fact by this court when he was removed from office as Judge of the Tenth Judicial District Court for the State of Louisiana. It is now before us for a consideration of exceptions of (1) no cause of action, (2) no right of action, and, in'.the alternative, (3) of prematurity.
 

 
 *732
 
 The basis of the first exception is that the facts upon which the defendant’s removal was founded are not grounds for his disbarment, while the two latter exceptions are based, substantially, on the fact that no complaint was made against the defendant, no notice of such complaint given him, and that he was not given the opportunity to defend himself before the committee prior to the institution of these proceedings, all as required by the Articles of Incorporation of the. Louisiana State Bar Association.
 

 Since the submission of this case, the defendant has filed an exception to the jurisdiction of this court ratione materiae.
 

 In the Constitution of 1921 it is declared that the Supreme Court “shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court, and in suits for' removal of judges of courts of record from office as elsewhere provided in this Constitution.” Section 10, Article VII.
 

 The Legislature of the State of Louisiana, however, by its Act No. 54 of 1940, memoralized the Supreme Court “to exercise its inherent powers” and provide for the organization and regulation of the Louisiana State Bar Association and the members thereof, including their disciplining, suspension, or disbarment.
 

 Acting pursuant to the memorial addressed to it by the legislature, this court, by its order of March 12, 1941, organized the Louisiana State Bar Association, and, by the same order, made the articles of incorporation of the association the rules of the court by which the association, as an agency of the court, is governed.
 

 For the protection of the integrity of the bench and the bar, under the heading “Discipline and Disbarment of Members,” provision is made in these articles of incorporation for the appointment by this court, upon the recommendation of the Board of Governors, of a Committee on Professional Ethics and Grievances (Section 1 of Article XIII), whose duty it shall be to investigate “All complaints looking to the suspension or disbarment of any member of the Bar of Louisiana * * Section 2. However, to protect the members of the association against the effect of unfavorable publicity by reason of unfounded or frivolous complaints, provision is also made for the giving of notice to any member against whom a complaint has been lodged in order that he may have “a reasonable opportunity to defend himself before the committee” before any disbarment or disciplinary proceedings may be instituted. (Section 3) But, “If,
 
 after investiga- ■ tion,
 
 a majority of the Committee shall be of the opinion that the member against whom the complaint has been made has probably been guilty of a violation of the laws of the State of Louisiana relatirig to' the professional conduct of lawyers and to the practice of law, or of a willful violation of any rule of professional ethics ofsufficient gravity as to evidence a lack of moral fitness for the practice of law, it shall be the duty of the Committee to institute in the Supreme Court a suit for the
 
 *734
 
 disbarment or suspension of the accused member of the bar, and to designate one or more of their number to prosecute the same,” or “If
 
 after investigation,
 
 a majority of the Committee shall be of the opinion that the member against whom the complaint has been made has not been guilty of such misconduct as to require a suit for disbarment or suspension, but is nevertheless of the opinion that the member has been guilty of willful violation of a rule of professional ethics, it shall be the duty of the Committee to reprimand the member privately in writing.” Section 5. (Italics ours.)
 

 The serious question that is presented for our determination here, however, is whether the defendant may be disbarred for his misconduct during his tenure of office, for which misconduct he was removed from office under the provisions of Section 5 of Article IX of the Constitution of 1921.
 

 In Article IX of the Constitution, under the heading of “Impeachment And Removal From Office,” it is provided that “All State and district officers, whether elected or appointed, shall be liable to impeachment for high crimes and misdemeanors in office, incompetency, corruption, favoritism, extortion, or oppression in office, or for gross misconduct, or habitual drunkenness.” Section 1. In Section 2 it is provided that such impeachments are to be instituted in and tried by the legislative branch of our government and that the “Judgment of conviction in such cases shall remove and debar the accused from holding any office under the State, and shall disqualify any judge or district attorney, or attorney general from practicing law, but whether of conviction or acquittal, shall not prevent prosecution and punishment otherwise according to law.” Section 3 makes it possible for two-thirds of the members elected in each house of the legislature to address certain public officials from office, in which case the person so addressed out of office is additionally penalized by being made “ineligible to succeed himself.” Section 4 of this article deals exclusively with the removal from office of the judges of the Supreme Court, for the causes enumerated in Section 1. Section 5, the section under which the defendant was removed in this case, deals specifically with the removal of judges of the courts of record by judgment of the Supreme Court, “which is * * * vested with original jurisdiction therein * * *.”
 

 In referring to prior constitutions of this state, we note that in the constitutions of 1913 and 1898, the two constitutions immediately preceding the Constitution of 1921, under Article 218, judgments in cases of
 
 impeachment
 
 “extend only to removal from office and disqualification from holding any office of honor, trust or profit, under the State * * * ” while the judgment in cases of
 
 removal from office
 
 “extend not only to removal from office and disqualification from holding any office of honor, trust, or profit, under the State, but also to disqualification for the practice of law * * *.” Article 221:
 

 The provision in Article 221 of the constitutions of 1913 and 1898 with reference
 
 *736
 
 to the .disqualification for the practice of law is not to be found in any constitutions prior to that time and we must conclude, therefore, that the framers of the Constitution of 1921, in deleting the disqualification-from-practicing-law feature of the judgment in cases of
 
 removal from office
 
 and attaching it to judgments in cases of
 
 impeachment,
 
 did so intentionally and deliberately, thus limiting to removal from office under Section 5 of Article IX the punishment to be inflicted upon judges of courts of record found to be unworthy to hold office.
 

 The methods that are prescribed in the constitution for ridding the people of unworthy officials, whether by impeachment, address out of office by members of the legislature, or by removal from office by the courts, are exclusive, as are also the penalties that are levied in each instance. See State v. Carey, 28 La.Ann. 49; State v. Lamantia, 33 La.Ann. 446; State v. Judges, 35 La.Ann. 1075; Western Union Telegraph Co. v. Railroad Commission of Louisiana, 120 La. 758, 45 So. 598; State v. Bain, 137 La. 308, 68 So. 621; State v. Dunson, 138 La. 131, 70 So. 61; In re Silkman, 88 App.Div. 102, 84 N.Y.S. 1025; In re Strahl, 201 App.Div. 729, 195 N.Y.S. 385; and Baird v. Justice’s Court, 11 Cal. App. 439, 105 P. 259. It therefore follows' that to permit the disbarment of a district judge during his tenure of office, when one of the constitutional requirements for his holding such office is that he must be an attorney-iat-law, would be to sanction the doing indirectly of that that cannot be done directly, that is, his removal from office by reason of disqualification.
 

 Counsel representing the committee concedes — -as he must in view of the specific provisions of the Constitution of
 
 1921
 
 — that the defendant could not be disbarred during his tenure of office because of misconduct for which he might be ultimately removed. It necessarily follows, therefore, that such acts cannot be made the basis of disbarment proceedings after he is actually removed from office.
 

 It is our opinion, therefore, that the petition in this case neither sets forth a cause nor a right of action.
 

 For the reasons assigned, these proceedings are dismissed.