YARRUT, Judge.
Defendant-appellant appeals from a judgment ordering him to surrender to plaintiff-appellee the office of Judge of the Traffic Court of New Orleans. This action was brought under LSA-R.S. 18:1302, the appropriate Intrusion into Office Statute.
The office in question became vacant when the incumbent Judge took his oath as a judge of the Civil District Court for the Parish of Orleans.
It is stipulated that plaintiff-appellee holds a commission, with Senate confirmation, from the Governor of Louisiana; that defendant-appellant holds a commission from the Mayor of New Orleans; that both have the requisite qualifications to hold and perform the duties of the office, the only challenge between the parties is that plaintiff-appellee contends the Governor had the right to make the appointment since the unexpired portion of the term of the predecessor Traffic Judge was four years, while defendant-appellant contends the Mayor had the right to make the appointment.
Defendant-appellant took his oath and possession of office about one hour before plaintiff-appellee appeared for that purpose; and refused to vacate.
The first question is whether the Traffic Court of New Orleans is a constitutional or. statutory court. Plaintiff-appellee contends it is a constitutional court, and governed by the provisions of the Constitution regarding the filling of vacancies caused by death, resignation or otherwise. Defendant-appellant, first contending the Mayor had a right to make his appointment, even assuming that the Traffic Court is a constitutional court, makes the alternative contention that the Traffic Court is a statutory court under Constitution, Art. 7, § 94, par. (k), LSA, hence is governed by statute and not the Constitution.
Both the Traffic and Municipal Courts of New Orleans, as presently constituted, were created by Constitution, Art. 7, § 94, as amended in 1952. After creating said *193 Courts and declaring how the judge or judges are to be elected, it provides for the filling of vacancies, as follows:

{Traffic Court)

“ * * * Any vacancy in said court for any cause where the unexpired term is less than one year shall be filled temporarily by appointment by the Mayor of the City of New Orleans until the next succeeding Congressional election at which time such vacancy shall be filled for the remainder of the unexpired term by election.”

{Municipal Court)

“ * * * Any vacancy in said Court for any cause where the unexpired term is less than one year shall be filled temporarily by appointment by the Governor until the next succeeding congressional election, at which time such vacancy shall be filled for the remainder of the unexpired term by election. All judges so elected shall take office on the first day of January following their election.”
There can be no doubt that, where the unexpired term in either court is less than one year, the vacancy is to be filled by the Governor in the case of the Municipal Court, and appointment by the Mayor of New Orleans in case of the Traffic Court. In neither case is provision made for filling the vacancy where the unexpired term is more than one year.
First, we must determine whether or not the Traffic Court is a constitutional or a statutory court. Plaintiff-appellee contends it is a constitutional court, having been created by the Constitution. Defendant-appellant contends it is a statutory court because Constitution, Art. 7, § 94, creating it, in par. (k), provides:
“The said Traffic Court of New Orleans shall not come into being and shall not begin to function unless and until the Commission Council of the City of New Orleans shall by appropriate ordinance implement the same, ratifying the creation of said Court. The trial and all procedures in all cases within its jurisdiction shall be the same as now in effect governing the Municipal Court of New Orleans under exist-' ing laws.
“This amendment shall become self-operative when ratified as provided herein.”
Defendant-appellant’s chief contention is that, since the Traffic Court was not to function until implemented by the City, when such implementation was effected, the Traffic Court became a statutory court; citing the case of Chappuis v. Reggie, 222 La. 35, 62 So.2d 92.
The cited case is not apposite here, but is clearly distinguishable. In the cited case, the Constitution gave the Legislature power to substitute City Courts for Justice of the Peace Courts. Pursuant to such authority, the Legislature established a City Court to supersede a former Justice of the Peace Court. Our Supreme Court held that the City Court, so established, became a statutory court, and was no longer a constitutional court; hence the Governor was without authority to fill a vacancy in that Court.
Here the constitutional Traffic Court, though created in every particular, was to come into being only when the City took certain action of implementation. The implementation did not create the Traffic Court, nor change its character, merely started its functioning. Hence, the Traffic Court always was and still is a constitutional court. Any vacancies occurring therein must therefore be filled as provided by the Constitution.
Constitution Art. 7, § 94, makes no provision for filling a vacancy where the remainder of the term is more than one year, so we must look elsewhere in the Constitution for the answer.
*194 We first considered Art. 7, § 69 as a possible clue to the answer. The Section reads:
“Vacancies occasioned by death, resignation, or otherwise, in the office of district judge, district attorney, sheriff, assessor, or clerk of the district court, where the unexpired portion of the term is less than one year, shall be filled by appointment by the Governor, with the advice and consent of the Senate. In all cases where the unexpired portion of the term is one year, or more, the vacancy shall be filled by special election, to be called by the Governor, and held within sixty days after the occurrence of the vacancy, under the general election laws of the State. (As amended Acts 1952, No. 576, adopted Nov. 4, 1952).”
A simple perusal discloses that the first sentence names the specific offices involved where tire vacancy is less than one year. The Governor is given the right to malee the appointment. Then follows the second sentence, beginning with the clause, “In all cases where the unexpired portion of the term is one year, or more, * * * ”. Then follows the mandate that the Governor must call an election within sixty days after occurrence of the vacancy. At first blush it might appear that the clause, “In all cases * * * ” might include Traffic Judge. In order to give the language such an interpretation, it would be necessary first to redraft the clause by interpolating therein the word “other” and the phrase “not heretofore mentioned herein,” so that the entire provision would read, “In all other cases not heretofore mentioned herein * * *".
Such a construction or interpolation would be clear judicial legislation and contrary to the rule of statutory and constitutional construction. Unless a different intention is apparent, the enumeration of specified matters in a constitutional provision usually is construed as an exclusion of matters not enumerated. Western Union Telegraph Co. v. Railroad Commission of Louisiana, 120 La. 758, 45 So. 598; 16 C.J. S. Constitutional Law §§ 19 through 23, p. 81 et seq.
The applicable constitutional provision is Art. 5 § 11, the omnibus section under Executive Department, referring to the Governor, reading:
“He shall nominate, and, by and with the advice and consent of the Senate, appoint all officers whose offices are established by this Constitution and whose appointment, or election, is not herein otherwise provided for; except that the Legislature may provide the mode of filling all offices created by it.”
Accordingly, the Governor had a right to make the appointment of plaintiff-appel-lee to fill the vacancy at issue here.
This is an action to try title to a judicial office. The only issue to be determined is which litigant has the valid title. Blessing v. Levy, 214 La. 856, 39 So.2d 84; Chappuis v. Reggie, supra.
Counsel for defendant-appellant traces the constitutional history of the court for the purpose of showing it is our duty to disregard the letter of the Constitution and search for the intent of the Legislature. It is only when the law is ambiguous, or subject to two interpretations, that the intention of the Legislature, or the history of the law involved, may be inquired into by a court for the purpose of determining legislative intent. Where the law is clear and unambiguous in its literal terms, the letter is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C. Art. 13. Nor should the history be the concern of the Court where the last statutory or constitutional expression on the subject matter is literally clear. State ex rel. Fudickar v. Heard, 223 La. 127, 65 So.2d 112.
The final issue is defendant-appellant’s alternative plea that we call an election to fill the vacancy for the unexpired term to coincide with a municipal election *195 fixed for April IS, 1961. Since defendant-appellant has no title to the office, he has no right or cause of action to challenge plaintiff-appellee’s tenure, whether it be to the next Congressional election, or for the unexpired term of four years. We must assume that the officials charged with calling and holding elections will perform their duty. If an election is held, and one claiming to he duly elected and commissioned should be denied his right to succeed plaintiff-appellee, the matter could then be the subject of an Intrusion into Office suit. Since defendant-appellant is without right at this time to hold the office or to succeed plaintiff-appellee, any decision now would be premature, binding on no one, and obiter dictum.
The judgment of the District Court is affirmed at defendant-appellant’s cost.
Affirmed.