383 So.2d 1011 (1980)
Mrs. Lillian Schon SMALL
v.
William J. GUSTE, etc., et al.
No. 65363.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied June 2, 1980.
*1012 William J. Guste, Jr., Atty. Gen., Kendall L. Vick and Donald Ensenat, Asst. Attys. Gen., Dept. of Justice, New Orleans, for defendant-applicant.
Glenn L. Morgan, New Orleans, for plaintiff-respondent.
Richard E. Gerard, Chairman, Lake Charles, Eugene J. Murret, Chief Executive Officer, New Orleans, The Judiciary Commission of Louisiana amicus curiae.
Richard H. Gauthier, President, Thomas C. Wicker, Jr., Vice President, James E. Clark, Secretary, Frank A. Marullo, Jr., Treasurer, Edwin R. Hughes, Jena, Lemmie O. Hightower, Monroe, Guy E. Humphries, Jr., Alexandria, Edward N. Engolio, Plaquemine, Charles W. Roberts, Baton Rouge, Stephen A. Duczer, Thomas W. Tanner, Slidell, Joseph A. LaHaye, Opelousas, Richard J. Garvey, New Orleans, Richard B. Williams, Natchitoches, James H. Drury, New Orleans, amicus curiae on behalf of the Louisiana District Judges Association.
DENNIS, Justice.
In this review of a mandamus ordering the attorney general and the Orleans Parish district attorney to bring an action to remove a district judge from office under the intrusion into office statute we are called upon to decide whether the exclusive method by which a judge may be removed is by exercise of this Court's original jurisdiction on recommendation of the judiciary commission. We conclude that this Court, on recommendation of the judiciary commission, has exclusive original jurisdiction to remove a judge from office. The power to remove a judge from office, which was vested exclusively within the original jurisdiction of this Court by the 1921 constitution, has not been diminished or reallocated. By an amendment to the constitution in 1968 the recommendation of the judiciary commission, in lieu of suit, was adopted as the sole method of invoking this Court's exclusive original jurisdiction to remove a judge from office. This Court's exclusive original jurisdiction to remove a judge on recommendation of the judiciary commission was continued without modification by the 1974 constitution. Accordingly, the district court erred in issuing mandamus ordering that a suit be brought against a judge for his removal in district court. The judgments of the district court and the court of appeal are vacated and annulled.
Plaintiff, Mrs. Lillian Schon Small, filed suit for mandamus ordering the governor, the attorney general and the district attorney of Orleans Parish to file suit against Judge S. Sanford Levy under the intrusion into office act to remove him from office. The district court sustained an exception of no cause of action filed by the governor but rejected similar exceptions filed by the district attorney and the attorney general. After an appeal, the court of appeal affirmed, holding that this Court's exclusive original jurisdiction to remove a judge from office is restricted to removal grounded on misconduct rather than "disqualification due to age." We granted writs to determine whether the intermediate court too narrowly construed this Court's exclusive original jurisdiction to remove judges from office and the nature of the grounds therefor.
The issues presented are (1) whether a judge may be removed from office by any judicial method other than through exercise of this Court's exclusive original jurisdiction on recommendation of the judiciary commission; and (2) whether a judge's willful retention of office beyond his mandatory retirement age is grounds for removal by this method.
*1013 1. A judge may be removed solely by exercise of this Court's exclusive original jurisdiction on Judiciary Commission recommendation.
The 1921 constitution originally provided that this Court "has exclusive original jurisdiction of . . . suits for the removal from office of judges of courts of record as elsewhere provided by this Constitution," La.Const.1921, Art. 7, § 10. It also initially provided that this Court's exclusive original jurisdiction for such purposes should be invoked by a suit initiated by the attorney general or a district attorney. La.Const.1921, Art. 9, § 5. Accordingly, the short answer to the issues raised by this case seems to be that the intrusion into office act, insofar as it purported to authorize removal suits against judges in any court other than this Court, was impliedly repealed or modified by the 1921 constitution.[1]
Later constitutional provisions have not diminished or reallocated this Court's exclusive original jurisdiction to remove a judge from office. In 1968 the 1921 constitution was amended to repeal Article 9, § 5, which had formerly authorized suits for the removal of judges in this Court by the attorney general and district attorneys and to establish in lieu thereof another method for invoking this Court's exclusive original jurisdiction to remove judges from office. In place of removal by suit, the amendment established a method for removal by this Court based on the recommendation of the judiciary commission. The wording of the joint resolution, the official ballot presented to the voters, and the substance of the amendment indicates that neither the legislature nor the people intended to diminish or alter this Court's exclusive original jurisdiction to remove a judge from office; rather, they clearly intended merely to abolish the grounds and procedures for removal of judges by suit and to substitute a new method for invoking that same judicial power.[2]
The 1974 constitution maintains this Court's exclusive original jurisdiction to remove *1014 judges from office and continues the judiciary commission recommendation as the sole procedure for invoking this judicial power. La.Const.1974, Art. 5, § 25. Although the brief 1974 charter does not expressly describe this jurisdiction as "exclusive," the continued system of removal by this Court acting as the original court on recommendation of the judiciary commission, and the absence of any other judicial method of removal, clearly implies that the constitution vests this power only in this Court. Moreover, the convention debates confirm that this was the intention of the delegates.[3]
2. A judge's willful retention of office beyond his mandatory retirement age is grounds for removal by this Court.
This Court may remove from office a judge for "willful misconduct relating to his official duty, willful and persistent failure to perform his duty, [or] persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute." La.Const. 1974, Art. 5, § 25. The constitution clearly provides that a judge shall not remain in office beyond his mandatory retirement age. La. Const.1974, Art. 5, § 23; La.Const.1921, Art. 7, § 8. The constitution provides that a judge, as every public official, shall take an oath to support the constitution and laws of this state and to faithfully and impartially discharge and perform all the duties incumbent upon him as a judge. La.Const.1974, Art. 10, § 30. The Code of Judicial Conduct provides that "[a] judge should respect and comply with the law" and "be faithful to the law." Canons 2 and 3.
We think it clear that a judge who willfully refuses to perform his constitutional and ethical duty to retire upon reaching mandatory retirement age is guilty of "willful misconduct relating to his official duty," and, if continued, "willful and persistent failure to perform his duty." Furthermore, if his misconduct is publicized he may be guilty of "persistent and public conduct prejudicial to the administration of justice." Accordingly, we conclude that a judge may be removed from office by this Court on recommendation of the judiciary commission for his failure to retire timely upon reaching his mandatory retirement age.
3. Other issues raised by plaintiff are without merit.
The plaintiff's contention that she has stated a cause of action for judgment declaring that Judge Levy's office was vacated by law when he allegedly reached mandatory age is without merit. We find no constitutional or statutory provision to this effect. On the contrary, a vacancy, as used in the constitution, occurs "in the event of death, resignation, removal by any means, or failure to take office for any reason." La.Const.1974, Art. 10, § 28. Furthermore, the legislature has provided that every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office. La.R.S. 42:2; see also State v. Cage, 196 La. 341, 199 So. 209 (1940).

Conclusion
Since a district court lacks jurisdiction to decide a case involving the removal of a *1015 judge, the judgments below ordering the attorney general and the Orleans Parish district attorney to bring actions in district court to remove Judge Levy must be reversed and set aside. The plaintiff may file her complaint, however, with the judiciary commission. Due to the delays which have occurred in having the proper forum consider the merits of this matter it would be appropriate and desirable for the commission to consider the complaint, if filed, with dispatch.
REVERSED.
DIXON, C. J., dissents with reasons.
DIXON, Chief Justice (dissenting).
I respectfully dissent from the opinion of the majority.
It seems to me an unwarranted assumption that this court can exercise its inherent powers to remove a judge from office only upon the recommendation of the Judiciary Commission, particularly where, as here, the office appears to be vacant.
Article 7, § 8 of the Louisiana Constitution of 1921, as amended in 1956 and 1960, provides:
"(f) Retirement of a judge shall become effective:
(1) Where compulsory, when he reaches the age of 75 years.
. . . . .
(g) The retirement of a judge creates a vacancy in the office which shall be filled in the manner prescribed by law."
Article 14, § 16 of the Louisiana Constitution of 1974 continued as a statute Article 7, § 8 of the Constitution of 1921. That statute is now R.S. 13:30 and contains the identical language that was found in Article 7, § 8 of the Constitution of 1921, except that mandatory retirement age is fixed at 70 years (or 20 years of service or the age of 80, whichever shall occur first).
The Constitutional Convention, in continuing the provisions of old Article 7, § 8 as statutory material, could not have intended to abandon the provision that retirement is compulsory at age 70 (age 75 under the old Constitution) and that retirement creates a vacancy in the office.
It is not clear to me that the Judiciary Commission article in the 1974 Constitution was intended to affect R.S. 42:76, which was designed particularly to provide for the case when an unauthorized person attempts to remain in possession of "any public office." The method is efficient: the attorney general is authorized to file suit in the parish in which the case arises, and make a record in the district court. This court's inherent power and jurisdiction are not jeopardized by such a proceeding.
NOTES
[1] Moreover, this Court has held that the methods prescribed in the constitution for ridding the people of unworthy officials are exclusive. In re Jones, 202 La. 729, 12 So.2d 795 (1943).
[2] The joint resolution proposing the amendment, in pertinent part, provided:

"Proposing an amendment to Article IX of the Constitution of Louisiana by repealing Section 5 thereof and amending Section 4 thereof to abolish the grounds and procedures for removal of justices and judges by suit and to provide in lieu thereof for grounds and procedures for the removal and involuntary retirement of justices and judges by the Supreme Court on recommendation of a Judiciary Commission, and the effects thereof, and to provide for the creation and functions of the Judiciary Commission and to provide for a chief executive officer thereof.
"Section 1. Be it resolved by the Legislature of Louisiana, two-thirds of the members elected to each house concurring, that, on recommendation of the Louisiana State Law Institute and under authority of Act 530 of 1964 and Act 36 of 1964, there shall be submitted to the electors of the State of Louisiana for their approval or rejection, in the manner provided by law, a proposition to amend Article IX of the Constitution of Louisiana by repealing Section 5 thereof and by amending Section 4 thereof so that Section 4 shall read as follows:
"* * *
"Section 3. On the official ballot to be used at said election there shall be printed:
"FOR the proposed amendment of Article IX of the Louisiana Constitution to repeal Section 5 thereof and amend Section 4 thereof to abolish the grounds and procedures for removal of justices and judges by suit and to provide in lieu thereof for grounds and procedures for removal and involuntary retirement of justices and judges by the Supreme Court on recommendation of a Judiciary Commission, and the effects thereof, and to provide for the creation and functions of the Judiciary Commission and provide for a chief executive officer thereof. and also:
"AGAINST the proposed amendment of Article IX of the Louisiana Constitution to repeal Section 5 thereof and amend Section 4 thereof to abolish the grounds and procedures for removal of justices and judges by suit and to provide in lieu thereof for grounds and procedures for removal and involuntary retirement of justices and judges by the Supreme Court on recommendation of a Judiciary Commission, and the effects thereof, and to provide for the creation and functions of the Judiciary Commission and provide for a chief executive officer thereof.
"Each elector voting on said proposition shall indicate his vote relative thereto in the manner provided by the general election laws of the State of Louisiana."
[3] In his presentation and explanation of the Judiciary Article, the Chairman of the Judiciary Committee stated that section 25 "continues the Judiciary Commission in the constitution" as a vehicle for removing judges which has "worked well and served a good purpose." Vol. X, Verbatim Transcript, Constitutional Convention of 1973 (August 22, 1973), p. 46.

The remarks of another delegate, Mrs. Zervigon, confirm the intention that the Supreme Court, acting upon recommendation of the Judiciary Commission, continue to enjoy original exclusive jurisdiction over the removal of judges:
"But bear in mind, that when it comes to judges of courts of record, the citizens have no input on the removal process. No one outside the judicial branch really has meaningful input on the removal process because there is no recall and because of the other removal processes that we put in the executive department section and the legislative department section don't apply to judges of the court of record." Vol. X, Verbatim Transcript, Constitutional Convention of 1973 (August 22, 1973), p. 63.
See also Hargrave, The Judicial Article, 37 La.L.Rev. 765, 868 (1977).