SCHOTT, Judge.
This is a damage suit in which plaintiff, Sandra Frederick, alleges she was injured in a collision with a truck owned by defendant, Campbell “66” Express, Inc., and negligently operated by its agent. The accident allegedly occurred on July 28, 1975, and the suit was filed on July 28, 1976. After answer was filed, discovery devices were employed by the parties, and the case was successively set down for trial on December 2, 1976, when it was continued on joint motion of the parties, June 14, 1977, September 27, 1977, and November 2, 1977, when it was continued each time on plaintiff’s motions, and October 25,1978, when it was continued on defendants’ motion. Finally, on April 2, 1979, the case was scheduled for trial on May 14. On May 11, 1979, plaintiff moved to recuse the trial judge, *174 Honorable S. Sanford Levy, on the grounds that he had an interest in the cause, was biased against plaintiff’s attorney, and was without authority to sit as a judge in the case.
On the morning of the trial the case was re-allotted to another judge of the Civil District Court for the sole purpose of trying the motion to recuse and the motion was denied by that judge. Neither plaintiff nor her attorney appeared in court for the trial of the motion or the trial of the merits. Accordingly, the trial judge dismissed plaintiff’s suit with prejudice.
Plaintiff filed a motion for a new trial on the principal ground that Judge Levy was without authority to decide her case and renewed her motion for recusation of the judge. The motion to recuse was again re-allotted to another judge of the Civil District Court who granted the motion to recuse but then denied plaintiff’s motion for a new trial. Plaintiff has appealed from these various judgments.
Plaintiff’s motion to recuse was properly denied. Her complaint about Judge Levy’s authority was disposed of in Small v. Guste, 383 So.2d 1011 (La.1980). Plaintiff has not suggested how Judge Levy may be interested in the cause so as to bring the case within the ambit of C.C.P. Art. 151(5) and her assertion that Judge Levy is biased against plaintiff’s attorney does not suggest any ground for recusation of the judge.
The principal issue in this case is whether plaintiff’s case was properly dismissed with prejudice. Dismissal was clearly authorized by C.C.P. Art. 1672 and the record shows that appellees were entitled to have the suit dismissed with prejudice. This case was specially fixed for trial as the first case on the docket on May 14. The notice, dated April 2, 1979, designates it as a special fixing and admonishes counsel that any request for a continuance had to be made within ten days from the date of the notice, and if the request for continuance was made thereafter, even though unopposed, the case would not be continued. Plaintiff filed no request for continuance but instead sought to recuse the trial judge. These efforts proved to be fruitless while plaintiff, in effect, abandoned her case on the merits.
Accordingly, the various judgments appealed from are affirmed at the cost of plaintiff.
AFFIRMED.