427 So.2d 844 (1983)
In re Judge S. Sanford LEVY Civil District Court Parish of Orleans.
No. 82-0-2574.
Supreme Court of Louisiana.
February 23, 1983.
Rehearing Denied March 25, 1983.
*845 Frank J. Varela, New Orleans, for relator.
Mack E. Barham, Todd Rossi, Barham & Churchill, Darleen Jacobs, New Orleans, for respondents.
DIXON, Chief Justice.[*]
The Judiciary Commission of Louisiana, proceeding under Article 5, § 25 of the Louisiana Constitution of 1974, has recommended that this court retire Judge S. Sanford Levy because he continues to hold office beyond the mandatory retirement age, having reached the age of eighty on January 27, 1982. Judge Levy defends his right to serve until December 31, 1984, the end of the term for which he was elected.
Judge Levy was born January 27, 1902. He first assumed judicial office on May 19, 1964 when he was appointed judge of the First City Court for the City of New Orleans. On April 5, 1965 Judge Levy was elected as a judge of the Civil District Court for the Parish of Orleans; he was sworn in on January 5, 1966, to complete the twelve year unexpired term of Judge Viosca, who had retired. Judge Levy was last elected on November 7, 1972, when he was reelected to a twelve year term for the Civil District Court for the Parish of Orleans. He was sworn in for this new term of office on January 1, 1973. This term will expire on December 31, 1984. La. Const. of 1974, art. 5, § 22(C). On that date Judge Levy will be eighty-two years of age. On his January 27, 1982 birthday when he turned eighty, Judge Levy had less than twenty years of service as a judge.
Judge Levy argues that the Constitution of 1974 permits him to serve until the end of the term for which he was elected. The argument is based on the following provisions of Article 5 of the 1974 Constitution:
"Section 21. The term of office, retirement benefits, and compensation of a judge shall not be decreased during the term for which he is elected.
Section 22....
(C) End of Term. A judge serving on the effective date of this constitution shall serve through December thirty-first of the last year of his term or, if the last year of his term is not in the year of a regular congressional election, then through December thirty-first of the following *846 year. The election for the next term shall be held in the year in which the term expires, as provided above.
Section 23. (A) Retirement System. Within two years after the effective date of this constitution, the legislature shall provide for a retirement system for judges which shall apply to a judge taking office after the effective date of the law enacting the system and in which a judge in office at that time may elect to become a member, with credit for all prior years of judicial service and without contribution therefor. The retirement benefits and judicial service rights of a judge in office or retired on the effective date of this constitution shall not be diminished, nor shall the benefits to which a surviving spouse is entitled be reduced.
(B) Mandatory Retirement. Except as otherwise provided in this Section, a judge shall not remain in office beyond his seventieth birthday."
There is nothing in any of these sections to support the argument that Judge Levy was exempted from the mandatory retirement provisions. Section 22, for example, is concerned with the time for election of judges and the filling of vacancies. Regular elections for judges are to be held at the regular congressional elections; vacancies are to be filled by appointment by this court and by special election. § 22(A), (B). And, finally, in § 22(C), the term of office of all judges was extended to the last day of the last year of his term, and, if there is no congressional election that year, then to the last day of the next year. The Judicial Article, 37 La.L.Rev. 765, 821 (1977); Kopfler v. Edwards, 318 So.2d 653 (La.App.1975).
Section 21 simply prohibits the reduction in term of office, pay and retirement benefits during the term for which a judge is elected. Nothing indicates an intention on the part of the constitutional convention to exempt judges from the mandatory retirement provisions of the Constitution. Mandatory retirement can only occur during the judge's term of office.
Section 23 required the legislature to provide a new retirement system for new judges, optional for judges already in office, whose retirement benefits and rights already earned by judicial service would not be diminished. Finally, § 23(B), in indisputable language, prohibited remaining in office beyond the seventieth birthday, "except as otherwise provided in this Section."
When Judge Levy was elected in 1972 the Constitution did not give him an unqualified right to serve until his term ended in 1984. The retirement provision in effect in the Constitution of 1921 when Judge Levy was elected and took office provided that "Every judge shall retire upon reaching the age of 75 years." Twenty years service entitled a judge to full pay for life. If a judge reached seventy-five with less than twenty years service, he could serve until eighty or until he acquired twenty years service, whichever came first. Retirement benefits were to be proportionately reduced for those who reached eighty without twenty years of service.
"...
(b) Every judge shall retire upon reaching the age of 75 years. If he has served as judge of a court of record for 20 years, he shall receive full pay for life.
However any judge now serving who, on attaining the age of seventy five years, has served less than twenty years, may remain in the service until he has served for twenty years or until he has attained the age of eighty years, whichever shall occur first and shall then retire. If he has served for twenty years he shall receive full pay for life and if he has served for less than twenty years he shall receive that proportion of his pay which the number of years served on a court of record bears to twenty.
(c) Any judge may retire upon reaching the age of 70 years. If he has served as judge of a court of record for 20 years, he shall receive full pay for life. If he has served less than 20 years he shall receive that proportion of his pay which the number of years served on a court of record bears to 20.

*847 ..." La. Const. of 1921, art. 7, § 8.
Article 7, § 8 of the 1921 Constitution was continued as statutory material by the Louisiana Constitution of 1974, "but restricted to the same effect on the effective date of this constitution." Art. 14, § 16(A)(5). Except for the reduction of the mandatory retirement age from seventyfive to seventy, its provisions are the same, permitting some judges (including Judge Levy) to stay in office until age eighty or until twenty years of service is reached, whichever comes sooner. R.S. 13:30(B).
Contrary to Judge Levy's other arguments, we have already decided that "A judge's willful retention of office beyond his mandatory retirement age is grounds for removal by this Court." Small v. Guste, 383 So.2d 1011, 1014 (La.1980).
For these reasons, the recommendation of the Judiciary Commission is accepted, and Judge S. Sanford Levy is hereby involuntarily retired.
WATSON, J. dissents and assigns reasons.
MARCUS and BLANCHE, JJ., dissent for reasons assigned by WATSON, J.
LEMMON, J., recused.
WATSON, Justice, dissenting.
The Judiciary Commission was sharply divided but recommended, by a five to four vote, that Judge Levy be involuntarily retired. The Commission found that Judge Levy is in good faith and sincerely believes he has the right to remain in office. There is no evidence of senility or disability. On the contrary, Judge Levy "has been and continues to be an exemplary and capable judge". (Commission Report).
Judge Levy's right to hold office stems from the law in effect at the time he was elected to his current twelve year term on November 7, 1972. His judicial service rights were fixed at that time. Because it is essential to the general welfare that there be an independent judiciary, diminution of the compensation or other judicial service rights of a judge during his term in office has always been reprobated. Art. 3, § 1 Constitution of the United States; Art. 7, § 40 Louisiana Constitution of 1921; Art. 5, § 21 Louisiana Constitution of 1974.
When Judge Levy was last elected to office on November 7, 1972, Art. 7, § 8, Louisiana Constitution of 1921, provided in pertinent part that:
"... any judge now serving who, on attaining the age of seventy-five years, has served less than twenty years, may remain in the service until he has served for twenty years or until he has attained the age of eighty years whichever shall occur first and shall then retire."
Lacking twenty years of judicial service, Judge Levy was entitled under the above section to serve until he was eighty years old. However, this provision of the 1921 Constitution was not retained in the 1974 Constitution as a constitutional provision. Instead, it became a statute by virtue of Art. 14, § 16(A):
"(A) Provisions Continued as Statutes. Subject to change by law or as otherwise provided in this constitution, and except as any of them conflicts with this constitution, the following provisions of the Constitution of 1921 are continued as statutes, but restricted to the same effect as on the effective date of this Constitution:
* * * * * *
"5. Article VII, Sections 7, 8, 9, 12.1, 13, 20, 21, 28, 31, 31.1, 31.2, 33, 46 through 51, 51(A), 52, 53, 55, 80, 81, 82, 83, 85, 89 through 92, and 94 through 97."
* * * * * *
"The retirement benefits and judicial service rights of a judge in office ... on the effective date of this constitution shall not be diminished, ..." LSA-Const. 1974, Art. 5, § 23(A) (emphasis added).[1] Since Judge *848 Levy was in office on the effective date of the 1974 Constitution, he retained any judicial service rights he had acquired greater than those in that Constitution. The 1974 Constitution has a mandatory judicial retirement age of seventy. LSA-Const., Art. 5, § 23(B). However, Judge Levy's right to retire at the age of eighty was not diminished by this provision. LSA-Const., Art. 5, § 23(A), supra. The retirement provisions of the 1974 Constitution are inapplicable to him because his former judicial service rights are specifically protected by that Constitution.
The 1921 Constitution's requirement that Judge Levy retire at the age of eighty no longer has constitutional status and is effective as a statute only if it is not in conflict with the 1974 Constitution. It specifically conflicts with a provision of the 1974 Constitution. "A judge serving on the effective date of this constitution [Judge Levy] shall serve through December thirtyfirst of the last year of his term or, if the last year of his term is not in the year of a regular congressional election, then through December thirty-first of the following year...." LSA-Const. 1974, Art. 5, § 22(C). Since the provision in the 1974 Constitution that Judge Levy shall serve through the last year of his term conflicts with the statutory requirement of retirement at age eighty, the statute must yield to the constitution. Thus, Judge Levy is in an unique judicial position.[2] For him, because of a hiatus in the law, there is no mandatory retirement age.
At the time of the adoption of the 1974 Constitution, Judge Levy earned the judicial service right to complete the term of office to which he had been elected. Hence, Judge Levy is correct in believing that he has the right to continue to hold office until the completion of his current term on December 31, 1984.
The majority errs seriously in ignoring the letter of the law in a misguided attempt to follow its spirit. The result is an injustice to a dedicated public servant.
I respectfully dissent.
NOTES
[*] Judge Pike Hall, Jr. of the Court of Appeal, Second Circuit, participated in this decision as Associate Justice ad hoc for Lemmon, J., recused.
[1] Counsel for the Judiciary Commission has placed great reliance in his excellent brief and oral argument on statements by delegates at the Constitutional Convention as to their intention or understanding of the effect of Art. 5, § 23 of the 1974 Constitution. See, for example, the remarks of Delegate Tobias, State of Louisiana Constitutional Convention of 1973 Verbatim Transcripts, Vol. X, August 22, 1973, at 20-21. When the law is clear, it is not necessary to refer to legislative proceedings, or here convention debate, to ascertain the intent of the drafters. LSA-C.C. art. 13. As to the application of constitutional provisions, that is the job of the courts and not the delegates.
[2] The Judicial Administrator has informed the court that Judge Levy is the only serving judge in the state who was in office on the effective date of the 1974 Constitution, is serving a term that began prior to that date, and might be affected by mandatory retirement before the end of his term.