CIACCIO, Judge.
Defendant, Judge Lorain F. Wingerter, appeals suspensively from a judgment of the district court which disqualified him from running for re-election to the position of judge of the Second City Court for the City of New Orleans and ordered that his name be removed from the list of candidates. We reverse that judgment.
The facts of this case are not in dispute. We adopt the facts as found by the disrict court which are as follows:
Judge Wingerter was first elected to the position in 1948, and has served continuously since that time. He has been unopposed for re-election since 1952, and was last re-elected without opposition in 1982.
A copy of his birth certificate shows that he was bom on September 18, 1917, and is now 70 years of age.
This suit was filed on August 8, 1988, by Melvin J. Giepert, a qualified elector, alleging that Judge Wingerter is no longer eligible to seek re-election because he is beyond the mandatory retirement age for judges established by Article 5, Section 23, of the Constitution of 1974.
To the petition Judge Wingerter has filed an exception of no right or cause of action, and an answer. The exception was referred to the merits of the case and subsequently overruled.
On appeal defendant alleges the following assignments of error:
The trial court erred in failing to grant Judge Wingerter’s exception of no cause or right of action because:
(1) Judge Wingerter clearly meets the qualifications for office established by LSA-R.S. 13:1873;
(2) The Civil District Court is the improper forum for this action since Mr. Giepert ■ raised the issue of mandatory retirement of a Judge, which issue is properly brought before the Judiciary Commission.
(3) The trial court also erred in rendering Judgment in favor of the plaintiff on the merits by failing to apply properly Article 5, Section 23 of the Louisiana Constitution of 1974 to Judge Wingerter.
Since we decide this matter on a resolution of the third assignment of error, we pretermit a discussion of the remaining assignments of error.
In this case the trial court concluded that the mandatory retirement provisions of the 1921 Constitution were not applicable because the defendant had been re-elected in 1976 and 1982 thereby subjecting him to the provisions of the 1974 Constitution.
In finding the mandatory retirement provisions of the 1974 Louisiana Constitution applicable to this case, the trial judge reasoned as follows:
Neither do I find the provisions of the Constitution of 1921 applicable. When *1391 Judge Wingerter was re-elected in 1976, and 1982, it was under the provisions of the Constitution of 1974, and I am of the opinion that he is therefore subject thereto, including the mandatory retirement provision. The term “judicial service rights” which were reserved to a judge in office at the time of the adoption of the Constitution of 1974, has been held to apply only to retirement rights, and not to other substantive rights. See In Re Levy, 427 So.2d 844 (La.1983).
We do not agree with the trial judge’s interpretation of the holding of the Levy case. In the Levy case, supra, Judge Levy claimed to be exempt from the mandatory retirement provisions of the 1974 Constitution because he had been elected to his present term in 1972. He also claimed an exemption from the mandatory retirement provisions of the 1921 Constitution, relying on Art. 5 Section 22(C) of the 1974 Constitution, which would allow him to serve through December 31st of his present term at which time he would be 82 years old.
The Supreme Court held that Judge Levy, and all judges, were subject to a mandatory retirement age. They further held that Section 22(C) was inapplicable to Judge Levy’s case.
The 1921 Constitution set a mandatory retirement age of 75 years, and, in special cases, 80 years. Since Judge Levy was serving in the term to which he had been elected when the 1974 Constitution became effective, the Supreme Court applied the provisions of Art. 7, Section 8 of the 1921 Constitution to arrive at a mandatory retirement age of 80 years for Judge Levy.
This case presents a new issue that was not addressed in Levy, supra, as Judge Wingerter is claiming the benefits of the mandatory retirement age of 75 provided by the 1921 Constitution, although he is not in the same term he was serving when the 1974 Constitution became effective, having been re-elected in 1976 and 1982.
He urges in brief that the clear language of Art. 5 Section 23(A) protects his judicial service right to serve in office as a judge until age 75, as provided by the 1921 Constitution, and that right shall not be diminished, indirectly, by subsequent re-elections. We agree.
Section 23. (A) Retirement System Within two years after the effective date of this constitution, the legislature shall provide for a retirement system for judges which shall apply to a judge taking office after the effective date of the law enacting the system and in which a judge in office at that time may elect to become a member, with credit for all prior years of judicial service and without contribution therefor. The retirement benefits and judicial service rights of a judge in office or retired on the effective date of this constitution shall not be diminished, nor shall the benefits to which a surviving spouse is entitled to reduced. (Emphasis supplied)
The effect of Section 23(A) of the 1974 Louisiana Constitution is to protect and permanently vest in a judge who was in office on the effective date of the new constitution all retirement benefits and judicial service rights that he had acquired under the 1921 Constitution. The article contains no language which provides for the subsequent loss or forfeiture of those benefits and rights upon re-election to a succeeding term or terms. To the extent that the trial judge read such language into Section 23, he was in error.
Under the 1921 Constitution, Judge Win-gerter was granted the judicial service right of serving as a judge until age 75. The mandatory retirement provisions of the 1921 Constitution were found to apply to a judge whose term of office began under the 1921 Constitution and ended under the 1974 Constitution. (In Re Levy, supra). We find that the clear language of Article 5, Section 23 affords the same treatment to all judges who were in office when the 1974 Constitution became effective.
Under the facts of this case, Judge Win-gerter has a mandatory retirement age of 75 years. La. Constitution, Article 7 Sec *1392 tion 8 (1921). Accordingly, he is not disqualified by age from seeking re-election as judge of the Second City Court of New Orleans.
For the foregoing reasons the judgment of the trial court is reversed and plaintiffs suit is dismissed at his costs.
REVERSED.
BARRY, J., concurs.