PER CURIAM.
In this action under LRS 18:1401 questioning whether 77-year-old District Judge Alwine Ragland may qualify for reelection, the plaintiff, an elector in the judicial district, appeals a judgment that rejects plaintiffs demands and declares the judge qualified.
Construing the present state constitution with Art. 7, § 8 of the 1921 constitution in effect before January 1, 1975, we reverse and render judgment declaring Judge Rag-land disqualified.
Judge Ragland was born July 28, 1913. ' She took her first oath as a district judge on October 14, 1974, and was serving in that position when the present constitution became effective. LSA-Const. Art. 5, § 23 mandates that judges retire at age 70, but provides that the “retirement benefits and judicial service rights of a judge in office ... on the effective date of this constitution [January 1, 1975] shall not be diminished.”
The mandatory retirement age for judges who served under the 1921 constitution varied. From 1921 to 1936 the age was 75. A 1936 amendment increased the age to 80 years. A 1960 amendment lowered the age to 75 years. Giepert v. Wingerter, 531 So.2d 754 (La.1988). The mandatory retirement age for judges under the present constitution is age 70. Art. 5, § 23(B).
The pivotal issue is whether the mandatory retirement age for Judge Ragland under Art. 7, § 8 of the 1921 Constitution, as amended in 1960, which was in effect through 1974, is age 75 or age 80. See LSA-Const. Art. 5, § 23. These provisions were considered in other contexts in In re Levy, 427 So.2d 844 (La.1983); and in Giepert v. Wingerter, supra, both of which contain some dicta and are factually distinguishable from the issue posed here.
Art. 7, § 8 of the 1921 Constitution, as amended in 1960, stated in part:
Every judge shall retire upon reaching the age of 75 years. If he has served as judge of a court of record for 20 years, he shall receive full pay for life. However any judge now serving who, on attaining the age of seventy five years, has served less than twenty years, may remain in the service until he has served for twenty years or until he has attained the age of eighty years, whichever shall occur first and shall then retire. If he has served for twenty years he shall receive full pay for life and if he has served for less than twenty years he shall receive that proportion of his pay which the number of years served on a court of record bears to twenty.
We deem that the proviso in the 1960 amendment of Art. 7, § 8 of the 1921 constitution was a “grandfather clause” designed to provide for judges who were then *454 serving subject to mandatory retirement at age 80. Giepert v. Wingerter, supra. Thus, after 1960, for retirement purposes, there were two constitutional categories of judges, those who were serving before the 1960 amendment subject to mandatory retirement at age 80 (the MR 80 judges), and those who began serving after the 1960 amendment subject to mandatory retirement at age 75 (the MR 75 judges).
We deem that LSA-Const. Art. 5, § 23, effective January 1, 1975, also contains a “grandfather clause” designed to provide for the two categories of judges who were then serving, the MR 80 judges and the MR 75 judges, and provides for a third category of judges—those who are first elected after January 1, 1975, who are subject to mandatory retirement at age 70.
After January 1, 1975, we have, for retirement purposes, three categories of judges, the MR 80 judges who took their judicial oath before 1960 when the mandatory retirement was age 80, the MR 75 judges who took their judicial oath after 1960 and before January 1, 1975, when the mandatory retirement was age 75, and the MR 70 judges who took their judicial oath after January 1, 1975. Giepert v. Wingerter, supra, and In re Levy, supra, support this conclusion.
LSA-Const. Art. 5, § 24 does not contain a minimum or maximum age qualification-for-judge requirement. It is necessary, however, to consider the mandatory retirement age of the particular judge whose age-qualification is questioned in an action under LRS Title 18. See Wingerter, supra, and Justice Lemmon’s dissenting opinion. One who seeks to become a candidate in an election for judge who could not serve because he is past the mandatory retirement age must be disqualified as a candidate. Wingerter, supra.
The sole issue in Wingerter was whether 70-year-old J. Wingerter was qualified to run for reelection in 1988. He took his first judicial oath in 1948. In our analysis, he would be an MR 80 judge, and would have been qualified to run in 1988.[1]
Judge Levy was serving as a judge at age 80 when his right to serve the remainder of his term was questioned. His right to serve between age 75 and age 80 was moot and was not at issue. Under our analysis Judge Levy, who took his judicial oath in 1964, would be an MR 75 judge. The court held Judge Levy was not qualified to serve the remainder of his term. We would have pronounced the same result. The court’s statement that a judge who “reached seventy-five with less than twenty years service ... could serve until eighty or until he acquired twenty years service, whichever came first,” should not control our determination of whether Judge Ragland is qualified as a candidate. See 427 So.2d at 846. See also Small v. Levy, 355 So.2d 643 (La.App. 4th Cir.1978), writ denied, and Small v. Guste, 383 So.2d 1011 (La.1980).
The Small cases, cited above, questioned whether that plaintiff had the procedural capacity to seek removal of a judge who was not age-qualified to serve. This plaintiff’s action is not to “remove” Judge Ragland, but to test her age-qualification to be a candidate for reelection. As an elector of the judicial district, plaintiff has the right of action under LRS Title 18. Judge Ragland’s exceptions below were implicitly, but correctly, overruled.
The term “judicial service rights” includes the right of a judge over age 70, who took office before January 1, 1975, to remain in office until reaching the mandatory retirement age in the 1921 Constitution. Wingerter, supra. Judge Ragland was not a “judge now serving” when the 1960 constitutional amendment took effect. The grandfather clause of the 1960 constitutional amendment does not avail Judge Ragland. In our analysis, she is an MR 75 judge, notwithstanding that she, like Judge Levy, served beyond her mandatory retirement time.
*455 The scope of the 1960 amendment, and its place in the history of the constitutional scheme governing mandatory retirement for judges, was explained in Wingerter, supra:
In the 1921 Constitution, Article VII, § 8 initially provided for a judicial retirement age of 75. In a 1936 amendment, the mandatory retirement age for judges was raised to 80. Finally, in 1960, a constitutional amendment lowered the age to 75. The 1960 amendment did not except judges then in office from its scope, but it did permit sitting judges to continue to serve until age 80 or until they had achieved 20 years of service, whichever came first_ No further changes were made in judicial retirement age prior to the adoption of the 1974 Constitution.
531 So.2d at p. 756; our emphasis.
LRS 13:30, with some editorial changes, attempted to preserve Art. 7, § 8 of the 1921 constitution as directed by LSA-Const. Art. 14, § 16. Judge Ragland’s age-qualifications as a candidate are not determined by LRS 13:30, but by other provisions, including Art. 7, § 8 of the 1921 constitution. Wingerter, at p. 757.
Having reached her mandatory retirement age, Judge Ragland is not qualified to be a candidate for judge.
DECREE
The judgment of the trial court is reversed. The exceptions urged here by Judge Ragland are overruled. Judgment is hereby rendered disqualifying Judge Rag-land as a candidate for reelection to the judgeship which she is now occupying. Costs, here and below, are assessed to ap-pellee.

. Judge Wingerter was elected in 1948 when the mandatory retirement age was 80. We need not speculate about the effect of the 1960 amendment on his mandatory retirement at an earlier age after 20 years service. He sought only to serve until age 75. See 531 So.2d at p. 756.