LAND, J.
The defendant, president of the police jury of the parish of West Carroll, was charged on information with the misdemean- or of drawing and cashing a warrant for $247.32, for a car of coal, water tank and hose, on the 17th day of May, 1913, in violation of Act No. 22 of 1898. The information was filed on March 13, 1915. The district attorney amended the information by stating that the offense had not come to the knowledge of any officer authorized to prosecute the same until within the past six months.
Defendant moved to quash the information on the following grounds:
I. That Act 22 of 1898 had more than one object, and therefore violated article 31 of the state Constitution.
2. That said act violated article 222 of the state Constitution by providing for the removal of police jurors, otherwise than by impeachment
3. That said act violated article 12 of the same Constitution by inflicting unusual and excessive punishment.
4. That the prosecution of the offense charged has been barred by the lapse of six months.
Judgment was entered as follows:
“This case having been taken up and tried as to the constitutionality of Act No. 22 of 1898, under which this prosecution is pending, together with the plea of prescription. It is ordered that the exception and plea be sustained and said information quashed, and that the act on which said information is based is declared unconstitutional ' as to the ‘ipso facto’ removal from office.”
The state has appealed.
The offense is a misdemeanor, punishable by a fine not exceeding $100, and “ipso facto” removal from office.
[2] This court has jurisdiction because “a law of this state has been declared unconstitutional,” but not over the offense as a criminal ease. Const. art. 85.
[1] We agree with the judge a quo that the penalty if ipso facto removal from office violates article 222 of the Constitution, which provides for the removal of parish officers .by civil suits, and gives them a right of appeal, on the law and the facts.
The defendant has not prayed for an amendment of the judgment on the other cofistitutional grounds urged below, and we have no jurisdiction over the question of prescription.
It is therefore ordered that the judgment below, in so far as it holds Act 22 of 1898 to be unconstitutional, is affirmed.
O’NIELL, J., concurs in the decree only.