(94 South. 410)

No. 25498.

## STATE v. SIBLEY.

(Nov. 27, 1922.)

*(Syllabus by the Court.)*

1. **Courts** ⊚⊐224(6)—**Appeal confined to single issue when jurisdiction exists because statute declared unconstitutional.**

Where an appeal lies to this court solely because a law of this state has been declared unconstitutional, such appeal must be confined to that one issue.

2. **Constitutional law** ⊚⊐83(3) — **Innkeepers** ⊚⊐2—**Statute making it an offense to obtain accommodation with intent to defraud is constitutional.**

Act No. 12 of 1912, in so far as it denounces as an offense the procuring of food or accommodations at hotels, etc., with preconceived intent to cheat or defraud, and the consummation of that intent by failure to pay, where no credit was intended, is a proper exercise of legislative functions, and is not unconstitutional as an attempt to use the criminal courts for the purpose of collecting civil debts.

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Lem Sibley was indicted for an offense, and from a judgment quashing the indictment the State appeals. Reversed and motion denied.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

W. S. Rownd, of Hammond, for appellee.

By the WHOLE COURT.

ST. PAUL, J. The charge against defendant was that—

He "willfully and unlawfully did put up at the boarding house of Mrs. Z. T. Richardson, and did procure food and boarding in the amount of $44, with the intent to cheat and defraud the said Mrs. Richardson out of the same, contrary to the form of the statute," etc.

The defendant moved to quash on the grounds: (1) That said indictment charges no offense under the law; and (2) that, if the court should hold otherwise, then that Act 12 of 1912, under which the state is attempting to proceed, is unconstitutional, null, and void, "because it is an attempt to use the criminal courts of the state for the purpose of collecting civil debts."

The trial judge sustained the motion to quash "on the ground that the law is unconstitutional," and the state appeals.

I.

Act 12 of 1912, so far as it bears on this case, provides that—

"Any person who shall put up at any hotel, inn or boarding house, and shall procure any food, or accommodation without paying therefor, except where credit is given by express agreement, with intent to cheat or defraud the owner or keeper thereof out of the pay for same, * * * shall be guilty of a misdemeanor * * * and shall be fined in a sum not less than ten dollars nor more than twenty-five dollars, or be imprisoned not to exceed thirty days."

II.

[1] In this case our jurisdiction is confined to the single question whether the law complained of be or be not unconstitutional. For the ordinary appellate jurisdiction of this court in criminal matters extends only to those cases in which "the penalty of death, or imprisonment at hard labor may be imposed; or where a fine exceeding three hundred dollars or imprisonment exceeding six months has been actually imposed." Const. 1921, art. 7, § 10. And where an appeal to this court lies solely because "a law of this state has been declared unconstitutional," such appeal must be confined to that one issue alone. State v. Bain, 137 La. 308, 68 South. 621. See, also, McCune v. White, 137 La. 310, 319, 68 South. 621, 624; and Shreveport v. Mackie, 140 La. 724, 73 South. 842.

Hence we are not here concerned with

whether or not the offense charged comes within the statute as above set forth; but for the purpose of this case we may assume that it does.

### III. .

[2] We are clearly of opinion that the objection to the statute above set forth is not well founded, to wit, that it is "an attempt to use the criminal courts of the state for the purpose of collecting a civil debt."

What the statute denounces is the procuring of food or accommodation at a hotel, inn, or boarding house, with the preconceived intent to cheat or defraud; and the consummation of that intent by a failure to pay. It has no application where credit has been given; and hence does not cover the case of one who had no intent to cheat or defraud, who was not expected to pay immediately upon procuring such food or accommodations, and who simply finds himself unable to pay at some future time, when his bill becomes due.

But it seems to us that it is a proper exercise of legislative functions to declare and punish as an offender, one who, intending to cheat and defraud, procures food or accommodation, on the representation, as it were, that he has the wherewith to pay for it and will do so immediately, and yet fails or refuses to do so. And that is all the statute purports to do.

We are not prepared to say that the Legislature may, or may not, declare it an offense to fail to pay a civil obligation generally; suffice it that in this instance the Legislature has not attempted to do so, but has simply sought to punish an act done with intent from the beginning to cheat and defraud.

### Decree.

The judgment appealed from is therefore reversed, and it is now ordered that the motion to quash herein filed be denied in so far as it is based on the alleged unconstitutionality of Act 12 of 1912; with leave, however, to the defendant to renew his motion on the other ground set forth, if so advised.

O'NIELL, J., being absent from the state, takes no part in the decision of the case.