Dear Mr. Campbell:
In your letter of August 30, 1988, you indicated that on August 29, 1988, the Mayor of the City of Minden was arrested for felony theft and for malfeasance in office. The latter offense is also a felony. A meeting of the municipal council was scheduled for Tuesday, September 6, 1988, to determine what action, if any, the council must take. This letter will confirm the oral opinion we gave you by telephone on that date.
Minden was incorporated by a special legislative act, Act226 of 1928. The Mayor is chief executive of the municipality and also presides over meetings of the city council. In the event of any inability of the mayor, the council elects one of its members to perform the powers of the mayor. A municipal ordinance provides as follows:
 "There shall be elected by the city council at their first regular meeting after their election or appointment, a city clerk, and one of their number as president, who shall be ex officio mayor in the absence of the mayor and shall fill the mayor's place in the event of his absence or sickness, or in case he be recused or charged with violation of the law or ordinances, or be subject to a fine, until the disability is removed." (Emp. Supplied)
Thus, the ordinance would require a suspension of the mayor merely upon his being charged with a violation of any state law or ordinance.
Article X, Section 24, 25, and 26 of the Louisiana Constitution provide that elected officials may be removed from office by impeachment by the Legislature, by suit for removal and by recall election. The enumerated causes for removal by impeachment or by suit are commission or conviction of, a felony, malfeasance or gross misconduct. Article X, Section 25 authorizes the Legislature to provide by law for the removal by suit of any elected official who has committed or who is convicted of the offenses enumerated above. The jurisprudence of the Louisiana courts consistently holds that in the case of elected officers, the constitutional methods of removal from elected office are exclusive. State v. Dunson, 1915, 70 So. 61; State v. Bain, 1915, 68 So. 621; State ex rel Holmes v. Wiltz, 1856, 11 La. Ann. 439.
Therefore, it would seem that the Minden municipal ordinance which provides for suspension of the mayor upon his merely being charged with the violation of a law or an ordinance is unconstitutional because the exclusive means of removing or suspending an elected officer are provided by the Louisiana Constitution or by law enacted by the Legislature pursuant to the constitutional authority. R.S. 42:1411, et seq. provide for automatic suspension of a public officer after his conviction and for removal by suit when all appellate remedies have been exhausted. No constitutional article or legislative act provides for suspension of an elected officer upon his being charged with any offense.
There are also due process problems that are presented, however, inasmuch as it appears that the ordinance is unconstitutional on other grounds it is unnecessary to explore that additional conflict.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ___________________ KENNETH C. DEJEAN Chief Counsel
KCD:mac