770 So.2d 762 (2000)
STATE of Louisiana
v.
Kristopher SCHOENING.
No. 00-KA-0903.
Supreme Court of Louisiana.
October 17, 2000.
*763 Richard P. Ieyoub, Atty. Gen., Robert "Rick" Bryand, Dist. Atty., Frederick Wayne Frey, Lafayette, Cynthia Skerrett Killingsworth, Counsel for Applicant.
Edward Kelly Bauman, Eugene Bouquet, Lake Charles, Counsel for Respondent.
Ellis Paul Adams, Jr., Counsel for Louisiana District Attorneys Association Amicus Curiae.
G. Paul Marx, Lafayette, Counsel for Louisiana Public Defenders Association Amicus Curiae.
KIMBALL, J.
This is a direct appeal to this court by the State of Louisiana from the trial court's determination that the section of the Victims' Rights Act allowing a victim to be present during trial proceedings is unconstitutional.[1] The trial judge sua sponte declared at trial that La.Code Evid. art. 615(B)(4), which precludes a trial court from excluding victims or victims' families from the courtroom, is unconstitutional in that it violates the fundamental due process rights of the defendant and it conflicts with the rule of sequestration. Because the issue of constitutionality was not properly raised by the parties, we find that the trial court erred in challenging the statute's constitutionality upon its own motion. Accordingly, the trial court's judgment that La.Code Evid. art. 615(B)(4) is unconstitutional is vacated.

FACTS AND PROCEDURAL HISTORY
On December 3, 1998, the defendant, Kristopher Justin Schoening, along with four co-defendants, was indicted by a grand jury in Calcasieu Parish for aggravated rape, in violation of La.Rev.Stat. 14:42.[2] The defendant's trial by jury began on February 14, 2000. After the victim testified and defense counsel crossexamined her, the district attorney requested that she be excluded from the court's rule of sequestration based on the victims' rights legislation that allows for the victim to be present in the courtroom during trial. After defense counsel stated that he may need to call the victim as a witness depending on the other testimony presented, the trial judge excluded her from being present in the courtroom for the remainder of the trial in order to protect her possible testimony.
After reluctantly allowing brief oral arguments from the State and defense counsel on the issue of the victim's rights under the legislation and how those rights must be balanced against the Defendant's right to a fair trial, the trial court sua sponte declared that the legislation allowing the inclusion of a victim in a case where the defendant has requested sequestration of that same witness violates the rule of sequestration and is unconstitutional.[3] The *764 State gave oral notice of its intent to file an appeal of that ruling with this court. The trial was not stayed, the victim was excluded, and on February 16, 2000, the jury unanimously found the defendant guilty as charged. On the same date, the State filed a Motion and Order for direct appeal to this court.[4]
Parties on both sides of this case have conceded that this appeal presents significant problems regarding the procedural posture of the issue of unconstitutionality of La.Code Evid. art. 615(B)(4). The State and the Louisiana District Attorneys Association contend that the constitutionality of La.Code Evid. art. 615(B)(4) was not properly challenged by the State or the Defendant in the trial court and that the Louisiana Attorney General was not afforded an opportunity to defend the constitutionality of the law. However, the State would have this court address the merits of the trial judge's ruling despite the improper procedure.
The Defendant argues that this court should dismiss the State's appeal as moot, since the trial was completed and a verdict was entered against the Defendant. The State argues that the issue is not moot, because three of the co-defendants are still waiting to be tried on the same charges involving the same victim and the possibility exists that the trials may take place in front of the same judge. The Defendant's response is that if the same issue surfaces again in another case, then it would be appropriate at that time to notify the attorney general's office and have a full hearing on the matter to determine the constitutionality of the Victims' Rights Act.

LAW AND DISCUSSION
Legislative enactments are presumed valid and their constitutionality should be upheld whenever possible. State v. Caruso, 98-1415, p. 1 (La.3/2/99), 733 So.2d 1169, 1170 (citing State v. Griffin, 495 So.2d 1306 (La.1986)). Therefore, courts are generally reluctant to address the constitutionality of legislation unless necessitated by the particular case and issue before them. Blanchard v. State, Through Parks and Recreation Com'n, 96-0053, p. 2 (La.5/21/96), 673 So.2d 1000, 1002 (citing Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432). The general rule is that a court should not reach the question of a statute's constitutionality when its possible unconstitutionality has not been placed at issue by one of the parties in a pleading. Board of Com'rs of Orleans Levee Dist. v. Connick, 94-3161, p. 6 (La.3/9/95), 654 So.2d 1073, 1076; Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65; Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984). This court has stated that, while there is no single required procedure or type of proceeding for attacking a statute's constitutionality, "the long-standing jurisprudential rule of law is ... the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized." Vallo, 646 So.2d at 864-65.
In Vallo, the court explained that the requirement of specially pleading a constitutional challenge "implies that this notable issue will receive a contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue." 646 So.2d at 865. As the court in Vallo noted, one of the benefits of holding a contradictory hearing and allowing the parties time to research the constitutional issue and prepare thoughtful arguments on it is that a reviewing court is provided with a more complete record from which it can be determined "whether the trial court attempted to construe the statute so as to preserve its constitutionality."[5]Id.
*765 The court addressed this matter again in Board of Com'rs of Orleans Levee Dist. v. Connick, where it emphasized that "for a court sua sponte to declare a statute unconstitutional is a derogation of the strong presumption of constitutionality accorded legislative enactments." 654 So.2d at 1076. The court further explained that, unless a statute is obviously unconstitutional on its face, it is preferable for "the parties to a dispute [to] uncover any constitutional defects in a statute through the dialectic of our adversarial system...." Id. In Board of Com'rs, the trial judge's sua sponte ruling that the statute in question was unconstitutional was vacated.[6] 654 So.2d at 1077.
Similarly, in Williams v. State, Dept. of Health and Hospitals, 95-0713, p. 6 (La.1/26/96), 671 So.2d 899, 902, the court set aside the trial judge's ruling that a statute was unconstitutional and remanded the issue because the proper procedure for challenging the statute was not followed at the trial level.[7] The court once again instructed that Louisiana jurisprudence requires that the constitutionality of a statute be specially pleaded in a petition, exception, written motion, or answer and that the grounds be particularized, so that the parties are given sufficient time to brief and prepare arguments regarding their position on a constitutional question. Id.
This court in Vallo also reaffirmed the requirement that the attorney general be notified when a statute's constitutionality is challenged.[8] 646 So.2d at 864. The Vallo court clarified that the attorney general must be served in declaratory judgment actions and that "[i]n all other proceedings, the attorney general should be served a copy of the pleading which contests the constitutionality of a statute," so that he may choose whether or not to exercise his right to represent the state's *766 interest in the proceedings.[9]Id. In Vallo, this court found that the state's interests had been unfairly prejudiced by the failure to notify the attorney general of the challenge, and the case was remanded in part for that reason. Id. at 865.
In the instant case, the trial court erred by raising the issue of the constitutionality of La.Code Evid. art. 615(B)(4) on its own motion. The record demonstrates that none of the parties challenged the constitutionality of the statute in a pleading or orally before the trial court. Because the trial judge questioned the statute's constitutionality on his own motion and then ruled on the question shortly thereafter, none of the parties were given an opportunity to research and fully brief the issue for the trial court. While the trial judge allowed brief and spontaneous oral arguments on the issue of the victim's sequestration, the parties were prejudiced in that they were not prepared to argue, nor did they directly argue, the constitutionality of the statute. The State's interest in defending the statute was also unfairly prejudiced, because the attorney general's office was not notified of the challenge or given the opportunity to represent the State in the statute's defense before the trial court.
Moreover, because there was no contradictory hearing held specifically for the purpose of debating the constitutional question, there is an inadequate record on review concerning the statute's legislative history, its construction by the courts, and precisely how the statute allegedly offends the Louisiana and/or the United States Constitution. The record before this court does not afford us sufficient evidence from which we can determine that the trial court properly performed its duty to give La.Code Evid. art. 615(B)(4) the strong presumption of constitutionality due it under our law or that the trial court attempted to interpret the statute in a manner so as to sustain its constitutionality before declaring it unconstitutional.
In conclusion, La.Code Evid. art. 615(B)(4) was not accorded the strong presumption of constitutionality required under our jurisprudence and was not properly challenged by any of the parties in a pleading. Because the trial court's judgment is vacated for the foregoing reasons, we do not reach the Defendant's argument that the case is moot or the merits regarding the judgment itself.

DECREE
For all of these reasons, the trial court's declaration that La.Code Evid. art. 615(B)(4) is unconstitutional is vacated.
NOTES
[1] La. Const. art. V, § 5(D) provides in part that a case shall be appealable to the Supreme Court if an ordinance or law is declared unconstitutional.
[2] One co-defendant has already been tried and found guilty. The three other co-defendants were awaiting trial at the time of this appeal.
[3] The specific legislation allowing for the victim to be present during trial is found in La.Code Evid. art. 615(B)(4), which provides that "[t]he victim of the offense, or the family of the victim" is not to be included in a court's sequestration order. That article was amended, effective January 1, 2000, so that it would correspond with La. Const. art. I, § 25, effective November 5, 1998, which states that "a victim of crime shall have the right ... to be present and heard during all critical stages of preconviction and postconviction proceedings...."
[4] The Louisiana District Attorneys Association and the Louisiana Public Defenders Association both submitted amicus curiae briefs with this court as well.
[5] This court declined to review the question of the challenged statute's constitutionality in Vallo, because the plaintiff improperly raised the issue in a pre-trial memorandum rather than a pleading, the plaintiff did not notify the attorney general of the challenge, and no contradictory hearing was held on the issue. 646 So.2d at 865. The trial court's judgment that the statute was unconstitutional was vacated, and the case was remanded. Id. at 866.
[6] Specifically, this court found that the trial judge's reading of La.R.S. 14:90(D) as divesting the district attorney of a portion of his constitutionally conferred prosecutorial power was a "strained interpretation," and therefore a judgment striking that statute down as unconstitutional was not required for the trial court to properly dispose of the issues before it. Id. at 1076-77.
[7] On the last day of the trial in that case, the plaintiffs hand-delivered a copy of a letter to the defendant that informed the State that the plaintiffs intended to attack the constitutionality of the statutory limitation on medical malpractice damages. Williams, 671 So.2d at 902. Thereafter, the trial judge ruled that the statute was unconstitutional without holding a contradictory hearing on the issue. Id.
[8] The two relevant statutes concerned with notice to the attorney general are La.Code Civ. Proc. art. 1880 and La.Rev.Stat. 13:4448, which provide as follows:

Art. 1880. Parties
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.
Art. § 4448. Notice required; constitutionality of statute at issue
Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be made by certified mail. No judgment shall be rendered without compliance with the provisions of this Section; provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case open pending notification of the attorney general as required herein.
[9] The Vallo court modified the court's earlier holding in Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308, 1311 (La.1984), explaining that the attorney general is not an indispensable party under La.Code Civ. Proc. art. 1880, as the court had previously stated, but that he must be served in declaratory judgment actions which seek a declaration of unconstitutionality of a statute. Vallo, 646 So.2d at 864.