WEIMER, Justice.
hln an effort to prevent what were perceived as abusive practices by defendants in criminal cases exercising waivers of jury trials in order to disrupt trial schedules, the legislature enacted a proposed constitutional amendment which was submitted to the electorate.[1] The constitutional amendment, which was approved by voters and is now contained in La. Const, art. I, § 17(A), provides in pertinent part: “Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.”
We granted a writ of certiorari in this case to determine whether the district *2 court erred in sua sponte declaring that the jury waiver procedure described in La. Const, art. I, § 17(A) is unconstitutional for “depriving [defendant] of his due process guaranteed under the 5th and 14th Amendments to the United States Constitution.” Because the constitutionality of the jury waiver procedure was never raised by the ^defendant, we find the district court erred in declaring the jury waiver procedure unconstitutional.
BACKGROUND
The defendant, Timothy Bazile, was indicted for second degree murder. Trial was set for October 3, 2011. At the September 19, 2011 hearing, after a colloquy with the district court judge in which the defendant indicated that he wished to waive his right to a jury trial, the state objected:
[T]his waiver is coming less than forty-five days away from our jury trial we have set for October 3rd, so it will not apply to that trial date.... Again, this waiver does not come forty-five days before that jury trial setting, so it will be a jury trial on that date. And if for some reason the trial doesn’t go then this waiver would be [in]applicable once the forty-five days [has] run.[2]
The district court expressed doubt as to whether “the United States Constitution allows [the state] to tell [defendant] that he can’t have a jury trial, even on the day that it’s set for trial.” However, it does not appear from the record that the issue was fully resolved at this hearing.
Instead, on the trial date of October 3, the defense complained that discovery was incomplete[3] and asked for a continuance. A bench trial was re-set for October 11, 2011, over the state’s objection. To overcome the state’s complaint that the October 11 trial date was also less than 45 days from September 19, the date on which the defendant first attempted to waive a jury trial, defense counsel offered that the district court could simply continue trial until a date in November, which would be | oinore than 45 days from when defendant requested a waiver of a jury in September. The state objected that the defense, by obtaining a continuance, “doesn’t get the benefit of racing to the outside [of] the forty-five days to escape the jury.” In other words, the state argued that if a defendant fails to exercise his right to waive a jury outside the 45-day period from the initial trial date, a continuance does not extend the 45-day period. Because a 45-day period had already run from the original trial date, “that extends this trial setting as a jury trial and it makes whatever trial setting you make a jury trial,” the state further argued.
However, the district court found that it would be unnecessary to continue the trial date to provide the defendant with another 45-day time limit because the right to a bench trial is implicit in the federal constitutional right to a jury trial and, therefore, a defendant can waive a jury trial at any time before trial.[4] Subsequently, the dis *3 trict court provided additional, written reasons for its ruling. The district court explained that La. Const, art. I, § 17(A) effectively allowed the state to “force” a defendant into deciding whether to be tried by judge or jury. However, “[t]he decision to have a bench trial or jury trial rests with the defendant,” and if the state does not provide discovery materials before 45 days from trial, the information not provided “could have influenced the defendant’s decision in which mode of trial he would have chosen, but his decision has been made and is now irrevocable, thus depriving him of his due process guaranteed under the 5th and 14th Amendments to the United States Constitution.”
I/Fhe court of appeal denied the State’s request for supervisory review without comment. State v. Bazile, 11-1848 (La. App. 1 Cir. 10/7/11) (unpub’d). The dissenting judge stated:
The amendment to La. Const. art. I, § 17(A) clearly requires that the defendant waive his right to a jury trial at least 45 days before the trial. I note, however, that the issue of whether the waiver problem could be cured by a continuance is not squarely before this court.
The state then applied to this court for review, and this court granted the application. State v. Bazille,[5] 11-2201 (La.10/14/11), 74 So.3d 728.
DISCUSSION
Both the right to a jury in criminal cases and guidance on waiving that right are provided in La. Const. art. I, § 17(A):
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A ease in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, all of whom must concur to render a verdict. The accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptorily. The number of challenges shall be fixed by law. Except in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.
Here, the defendant did not challenge the constitutionality of the jury waiver procedure contained in La. Const, art. I, § 17(A). Instead, the district court sua sponte raised the issue of whether Article I, § 17(A) conflicted with the U.S. Constitution. The district court next concluded a conflict existed with the due process rights of the U.S. Constitution, and that Article I, § 17(A) must yield. The district court then ruled that the 45-day period contained in Article I, § 17(A) did not bar the | ¡jCourt from setting the case for a bench trial, notwithstanding that the matter was set for trial by jury less than 45 days from the date the defendant first purported to waive trial by jury. In sum, although the district court recognized that Article I, § 17(A) applied such that the district court was required to present the state’s case against the defendant to a jury, the district *4 court did not enforce Article I, § 17(A) because the court found Article I, § 17(A) unconstitutional.
This court has previously examined whether a district court may refuse to enforce a law on the grounds that the court on its own motion finds the law unconstitutional. In Greater New Orleans Expressway Com’n v. Olivier, 04-2147, pp. 1-2 (La.1/19/05), 892 So.2d 570, 572, two parish court judges were not collecting costs from certain traffic violators as required by statute. The judges had refused to collect the costs, believing the statute directing them to do so was unconstitutional. This court ruled that the judges lacked standing to themselves raise a constitutional challenge to the laws the judges were charged by their judicial oaths to enforce. Judges “owe an equal duty to apply and enforce [a] presumptively constitutional legislative act as they do the state constitution,” this court explained. Id. 04-2147 at 10, 892 So.2d at 577. See also Ring v. State, DOTD, 02-1367, p. 5 (La.1/14/03), 835 So.2d 423, 427 (noting that the role of a judge in our system of justice is such that “a judge should not judicially declare a statute unconstitutional unless it is essential to the decision of a case or controversy”).
In Olivier, not only did the judges’ oaths to uphold the Louisiana Constitution prohibit them from raising a constitutional challenge to the fee statute on their own, there were also procedural barriers prohibiting the judges from refusing to apply the statute. A court may consider a constitutional challenge only upon a showing that “the [law] ‘seriously affects’ ” the rights of the person challenging it. Olivier, 04-21476 at 4, 892 So.2d at 573. This is so because “legislative acts are presumed constitutional ‘until declared otherwise in proceedings brought contradictorily between interested persons.’ ” Id., quoting State v. Bd. of Supervisors, La. State Univ. & Agric. & Mechanical College, 228 La. 951, 84 So.2d 597, 600 (1955).
A constitutional provision is a more basic, fundamental provision than a statutory enactment. See La. Const. art. Ill, § 1(A) (indicating that the power to enact legislation, such as statutes, is a power itself conferred by the constitution). A constitutional provision begins as a legislative enactment and, therefore, also requires enforcement by the district court. See La. Const. art. XIII, § 1(A) and (C) (discussing procedure for amending the constitution as being initiated by the legislature and submitted to the electorate, which is the procedure by which the particular law at issue here was promulgated; see 2010 La. Acts 1053, § 1, approved Nov. 2, 2010). The district court, therefore, erred in declaring that the jury waiver procedure described in La. Const. art. I, § 17(A) is unconstitutional without the issue being properly raised. See State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764, quoting Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65 (“This court has stated that, while there is no single required procedure or type of proceeding for attacking a statute’s constitutionality, ‘the longstanding jurisprudential rule of law is ... the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.’ ”). Among the dangers we cited in Schoening of a court raising a constitutional question on its own were that “none of the parties were given an opportunity to research and fully brief the issue for the trial court. While the trial judge allowed brief and spontaneous oral arguments on the issue of the victim’s sequestration, the parties were prejudiced in 17that they were not prepared to argue, nor did they directly argue, the constitu *5 tionality of the statute.” Schoening, 00-0908 at 5, 770 So.2d at 766.
Similarly, because the constitutionality of Article I, § 17(A) was not brought by the defendant to the district court, neither the issue of constitutionality nor a fully developed record on that issue is properly before this court. See Olivier, 04-2147 at 11, 892 So.2d at 577 (“Because we find that the threshold requirement of standing [of judges to raise constitutional challenge to enforcement of a law] is not met in this case, we do not consider the correctness of the district court’s judgment that the statute is unconstitutional”). We have previously explained that “[a]lthough this court generally possesses the power and authority to decide the constitutionality of [statutory] provisions ..., it is required to decide a constitutional issue only ‘if the procedural posture of the case and the relief sought by the appellant demand that [it] do so.’ ” State v. Mercadel, 03-3015, p. 7 (La.5/25/04), 874 So.2d 829, 834, quoting Ring, 02-1367 at 6-7, 835 So.2d at 428.
In conclusion, the constitutionality of La. Const, art. I, § 17(A) was not raised by the parties in the district court. As such, the procedural posture of this case precludes a decision being made regarding the constitutionality of this provision of the Louisiana Constitution.
DECREE
For the reasons assigned, the judgment of the district court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. See 2010 La. Acts 1053.

. As excerpted infra pp. 2-3, the state’s argument during another hearing, on October 3, 2011, clearly establishes that the word "inapplicable” was either misstated or erroneously transcribed as "applicable” in the transcript of the September 19, 2011 hearing.

. Specifically, the defense complained that it had not received a copy of the recorded 911 call or the arrest records of the state’s witnesses. The state responded to this complaint by noting the defense was given open file discovery and asserting that it did not have, and the defense was not entitled to, the remaining information.

.The district court further explained that, through an amendment to the Louisiana Constitution, an attempt was made to limit the ability of a defendant to waive a trial by jury *3 and that the amendment to the state Constitution was unconstitutional because rights under "the United States Constitution trump[ ] the Louisiana Constitution."

. The spelling of the defendant's surname name was incorrect when the writ grant was reported; the correct spelling from the record is reflected in the caption of this opinion.