PER CURIAM.
_JjThe defendant, Sharoy Camese, was charged by bill of information with distribution of cocaine on March 14, 2011. On May 25, 2011, defendant through counsel waived her right to a jury trial. After the trial judge determined that the state had established probable cause at the preliminary hearing, defendant on August 12, 2011, through counsel indicated that she would like to withdraw her request for a bench trial. The state opposed on the basis of La. Const, art. I, § 17(A), which provides that “[ejxcept in capital cases, a defendant may knowingly and intelligently waive his right to a trial by jury but no later than forty-five days prior to the trial date and the waiver shall be irrevocable.” The district court granted defendant’s request and declared that Article I, § 17(A) violates the Sixth Amendment of the United States Constitution. The state appeals directly to this Court pursuant to La. Const, art. 5, § 5(D).
In State v. Bazile, 11-2201 (La.1/24/12), 85 So.3d 1, this Court found that a trial judge erred in raising sua sponte the issue of whether La. Const, art. I, § 17(A) conflicted with the U.S. Constitution when the defendant did not challenge the constitutionality of the jury waiver procedure contained in this article:
|2This court has previously examined whether a district court may refuse to enforce a law on the grounds that the court on its own motion finds the law unconstitutional. In Greater New Orleans Expressway Com’n v. Olivier, 04-2147, pp. 1-2 (La.1/19/05), 892 So.2d 570, 572, two parish court judges were not collecting costs from certain traffic violators as required by statute. The judges *637 had refused to collect the costs, believing the statute directing them to do so was unconstitutional. This court ruled that the judges lacked standing to themselves raise a constitutional challenge to the laws the judges were charged by their judicial oaths to enforce. Judges “owe an equal duty to apply and enforce [a] presumptively constitutional legislative act as they do the state constitution,” this court explained. Id. 04-2147 at 10, 892 So.2d at 577. See also Ring v. State, DOTD, 02-1367, p. 5 (La.1/14/03), 835 So.2d 423, 427 (noting that the role of a judge in our system of justice is such that “a judge should not judicially declare a statute unconstitutional unless it is essential to the decision of a case or controversy”).
In Olivier, not only did the judges’ oaths to uphold the Louisiana Constitution prohibit them from raising a constitutional challenge to the fee statute on their own, there were also procedural barriers prohibiting the judges from refusing to apply the statute. A court may consider a constitutional challenge only upon a showing that “the [law] ‘seriously affects’” the rights of the person challenging it. Olivier, 04-2147 at 4, 892 So.2d at 573. This is so because “legislative acts are presumed constitutional ‘until declared otherwise in proceedings brought contradictorily between interested persons.’ ” Id., quoting State v. Bd. of Supervisors, La. State Univ. & Agrie. & Mechanical College, 228 La. 951, 84 So.2d 597, 600 (1955).
A constitutional provision is a more basic, fundamental provision than a statutory enactment. See La. Const, art. Ill, § 1(A) (indicating that the power to enact legislation, such as statutes, is a power itself conferred by the constitution). A constitutional provision begins as a legislative enactment and, therefore, also requires enforcement by the district court. See La. Const, art. XIII, § 1(A) and (C) (discussing procedure for amending the constitution as being initiated by the legislature and submitted to the electorate, which is the procedure by which the particular law at issue here was promulgated; see 2010 La. Acts 1053, § 1, approved Nov. 2, 2010). The district court, therefore, erred in declaring that the jury waiver procedure described in La. Const, art. I, § 17(A) is unconstitutional without the issue being properly raised. See State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764, quoting Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65 (“This court has stated that, while there is no single required procedure or type of proceeding for attacking a statute’s constitutionality, ‘the long-standing jurisprudential rule of law is ... the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.’ ”). Among the dangers we cited in Schoen-ing of a court raising a constitutional question on its own were that “none of the parties were given an opportunity to research and fully brief the |sissue for the trial court. While the trial judge allowed brief and spontaneous oral arguments on the issue of the victim’s sequestration, the parties were prejudiced in that they were not prepared to argue, nor did they directly argue, the constitutionality of the statute.” Schoening, 00-0903 at 5, 770 So.2d at 766.
Bazile, 11-2201 at 5-7, 85 So.3d at 4-5. In the present ease, as in Bazile, the defendant here did not challenge the constitutionality of the jury waiver procedure contained in La. Const, art. I, § 17(A). No parties were given an opportunity to research and brief this issue for the trial court. No parties argued the constitution *638 ality of the article. Instead, the district court sua sponte raised the issue of whether Article I, § 17(A) conflicted with the U.S. Constitution and then ruled. For the reasons provided in Bazile, the district court erred in doing so. The judgment of the district court is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.