PER CURIAM.
hThe defendant, Dearieus Duheart, was charged by bill of information with a violation of R.S. 14:95.1 based on the allegation that a pat-down search of him conducted during a traffic stop revealed a firearm. The traffic stop was initiated by an officer who alleged he observed a violation of R.S. 32:101, which provides in pertinent part that “the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway.” Defendant moved to suppress the firearm and statements he made during the traffic stop based, inter alia, on defendant’s contention that the traffic stop was unjustified because the vehicle’s driver did not violate R.S. 32:101 when she made a wide right turn which resulted in the vehicle ending the turn in the inside left lane rather than the outside right lane. The district court, however, granted the motion to suppress because it found that R.S. 32:101 failed to give adequate notice to individuals that certain contemplated conduct is proscribed and failed to provide adequate standards for those charged with determining the guilt or innocence of the accused, and was therefore unconstitutionally vague. The state appeals directly to |2this Court pursuant to La. Const. Art. V, § 5(D).
In State v. Bazile, 11-2201 (La.1/24/12), 85 So.3d 1, this Court found that a trial judge erred in raising sua sponte the issue of whether La. Const, art. I, § 17(A) conflicted with the U.S. Constitution when the defendant did not challenge the constitutionality of the jury waiver procedure contained in this article:
This court has previously examined whether a district court may refuse to enforce a law on the grounds that the court on its own motion finds the law unconstitutional. In Greater New Orleans Expressway Com’n. v. Olivier, 04-2147, pp. 1-2 (La.1/19/05), 892 So.2d 570, 572, two parish court judges were not collecting costs from certain traffic violators as required by statute. The judges had refused to collect the costs, believing the statute directing them to do so was unconstitutional. This court ruled that the judges lacked standing to themselves raise a constitutional challenge to the laws the judges were charged by their judicial oaths to enforce. Judges “owe an equal duty to apply and enforce [a] presumptively constitutional legislative act as they do the state constitution,” this court explained. Id. 04-2147 at 10, 892 So.2d at 577. See also Ring v. State, DOTD, 02-1367, p. 5 (La.1/14/03), 835 So.2d 423, 427 (noting that the role of a judge in our system of 'justice is such that “a judge should not judicially declare a statute unconstitutional unless it is essential to the decision of a case or controversy”).
*1056 In Olivier, not only did the judges’ oaths to uphold the Louisiana Constitution prohibit them from raising a constitutional challenge to the fee statute on their own, there were also procedural barriers prohibiting the judges from refusing to apply the statute. A court may consider a constitutional challenge only upon a showing that “the [law] ‘seriously affects’ ” the rights of the person challenging it. Olivier, 04-2147 at 4, 892 So.2d at 573. This is so because “legislative acts are presumed constitutional ‘until declared otherwise in proceedings brought contradictorily between interested persons.’ ” Id., quoting State v. Bd. of Supervisors, La. State Univ. & Agric. & Mechanical College, 228 La. 951, 84 So.2d 597, 600 (1955).
A constitutional provision is a more basic, fundamental provision than a statutory enactment. See La. Const, art. Ill, § 1(A) (indicating that the power to enact legislation, such as statutes, is a power itself conferred by the constitution). A constitutional provision begins as a legislative enactment and, therefore, also requires enforcement by the district court. See La. Const, art. XIII, § 1(A) and (C) (discussing procedure for amending the constitution as being initiated by the legislature and submitted to the electorate, which is the |sprocedure by which the particular law at issue here was promulgated; see 2010 La. Acts 1053, § 1, approved Nov. 2, 2010). The district court, therefore, erred in declaring that the jury waiver procedure described in La. Const, art. I, § 17(A) is unconstitutional without the issue being properly raised. See State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764, quoting Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-65 (“This court has stated that, while there is no single required procedure or type of proceeding for attacking a statute’s constitutionality, ‘the long-standing jurisprudential rule of law is ... the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.’ ”). Among the dangers we cited in Schoen-ing of a court raising a constitutional question on its own were that “none of the parties were given an opportunity to research and fully brief the issue for the trial court. While the trial judge allowed brief and spontaneous oral arguments on the issue of the victim’s sequestration, the parties were prejudiced in that they were not prepared to argue, nor did they directly argue, the constitutionality of the statute.” Schoening, 00-0903 at 5, 770 So.2d at 766.
Bazile, 11-2201 at 5-7, 85 So.3d at 4-5. In the present case, as in Bazile, the defendant did not challenge the constitutionality of the enactment. No parties briefed this issue for the trial court. No parties argued the constitutionality of the statute. Instead, the district court sua sponte raised the issue of whether R.S. 32:101 is unconstitutionally vague and then suppressed the evidence based on a determination that it is. For the reasons provided in Bazile, the district court erred in doing so.
The state also contends that the district court erred in determining that defendant’s statements during the traffic stop were not freely and voluntarily made. Article V, § 5(D)(1) of the Louisiana Constitution grants appellate jurisdiction to this Court in cases in which a law has been declared unconstitutional. This Court has determined in criminal matters that, “where an appeal to this court lies solely because ‘a law of this state has been declared unconstitutional,’ such appeal must be confined to that one issue alone.” State v. Sibley, 94 So. 410, 410, 152 La. 825, 826-27 (1922); see also State v. Verret, 87 *1057 So.2d 297, 298, 229 La. 934, 939 (1956). Therefore, the state’s remaining contention is not considered in this appeal. The judgment of the district court is reversed to the extent that it suppressed the evidence based on a finding that R.S. 32:101 is unconstitutionally vague. The case is remanded to the district court for reconsideration of its ruling on the motion to suppress and for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.