DANIEL L. DYSART, Judge.
liThe State of Louisiana appeals a ruling of the trial court, which quashed the bill of information charging the defendant, Rickey Jackson, with one count of possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1. For the reasons that follow, we reverse the ruling of the trial court and remand for further proceedings.
BACKGROUND:
Rickey Jackson was arrested on August 24, 2012. A security guard detained him outside of an uptown bar after Jackson was observed standing on the corner near the bar holding a gun. Pursuant to 911 calls and a dispatch, a NOPD officer arrived on the scene several minutes later and found the defendant handcuffed by the guard. The guard had seized the gun from the defendant, and gave it to the officer when he arrived. The officer was unable to cock the gun to unload it at the scene. Later, personnel at Central Evidence and Property dismantled the gun with tools, and removed one spent casing. It was determined that there was no live ammunition in the gun.
The trial court heard testimony from the arresting officer at the preliminary hearing on December 12, 2012, and took the matter under advisement. Prior to the 1 gcourt’s ruling, the defendant filed a “Motion to Declare La. R.S. 14:95.1 Unconstitutional.” The defendant argued, that Louisiana’s felon dispossession law embodied in La. R.S. 14:95.1, did not pass strict scrutiny as provided for by the Louisiana Constitution, and that, therefore, the entire statute was constitutionally invalid.
At the hearing on January 18, 2013, the trial court found no probable cause holding that the weapon in question was inoperable. The trial court then quashed the bill of information finding that “... they [the State] didn’t use proper scrutiny in regard to this case.”
On January 25, 2013, the State filed a motion, requesting the court to reconsider its ruling, arguing that there is no requirement that a firearm be operable, and that the attorney general was not served as required when a defendant challenges the constitutionality of a state statute.
The trial court granted the motion to reconsider. The State filed a memorandum in opposition to the defendant’s motion to quash on March 8, 2013. On that same date, after hearing additional oral argument, the trial court reaffirmed its original ruling quashing the indictment, stating:
I am going to do exactly what I did in the other case, because I don’t think that the Statute [La. R.S. 14:95.1], itself, on its face, is unconstitutional. I think what it says is that you must use strict scrutiny. I think in this particular case you have a non-operative gun, and you have an amendment passed by the people of strict scrutiny, and I think that strict scrutiny applies here. So I would quash it because of these particular facts, and not the Statute as a whole.
This appeal followed.
1 .DISCUSSION:
A. Standard of Review:
Although a trial court’s ruling on a motion to quash will generally not be reversed absent an abuse of discretion, a trial court’s legal findings are subject to a *724 de novo standard of review. State v. Hall, 13-0453, p. 11 (La.App. 4 Cir. 10/09/13), 127 So.3d 30, 39 (citing State v. Batiste, 05-1571, p. 9 (La.10/17/06), 939 So.2d 1245, 1251); State v. Smith, 99-0606, p. 3 (La.7/6/00), 766 So.2d 501, 504; State v. M.C., 10-1107, p. 10 (La.App. 4 Cir. 2/18/11), 60 So.3d 1264, 1270-71; State v. Roach, 10-0991, p. 4 (La.App. 1 Cir. 12/22/10), 68 So.3d 558, 560. The interpretation of a constitutional issue of law is reviewed de novo. Smith, 99-0606, p. 3, 766 So.2d at 504. However, in reviewing rulings on motions to quash where there are mixed questions of fact and law, a trial judge’s ruling on a motion to quash is discretionary and should not be disturbed absent a clear abuse of discretion. Hall, 13-0453, p. 11,127 So.3d at 39 (citing State v. Tran, 12-1219, p. 2 (La.App. 4 Cir. 4/24/13), 115 So.3d 672, 673, n. 3).
In the present case, the trial court’s decision to quash the bill of information was based on the 2012 amendment to La. Const. Art. 1, § 11 and La. R.S. 14:95.1 as applied to Jackson and the “particular facts” before it. The trial court specifically noted it was quashing the bill because La. R.S. 14:95.1 is subject to strict scrutiny review pursuant to the recent amendment and because the firearm was “non-operative.” The trial court additionally noted that it would not consider the defendant’s predicate offense of possession with intent to distribute cocaine because the conviction was over ten years old.
However, neither the State nor Jackson contest that Jackson was in possession of a firearm nor do they contest that the firearm was non-functional. |4Thus, as the operative facts were uncontested, the trial court’s ruling was not based on its findings of fact. See State v. Dixon, 13-0396, p. 7 (La. 4 Cir. 7/2/14), 146 So.3d 662, 666. Moreover, the Louisiana Supreme Court has reviewed “as applied” constitutional challenges under the de novo standard of review. See, State v. Draughter, 13-0914, pp. 4, 12 (La.12/10/13), 130 So.3d 855, 860, 865 (reviewing the defendant’s facial and as applied challenge to La. R.S. 14:95.1 de novo); State v. Eberhardt, 13-2306, p. 4 (La.7/1/14), 145 So.3d 377, 380, (in a consolidated case the Louisiana Supreme Court applied a de novo standard in addressing whether La. R.S. 14:95.1 is unconstitutional on its face and whether La. R.S. 14:95.1 is unconstitutional as applied to the defendants’ individual circumstances). As such, precedent requires that the de novo standard of review be applied to the case at bar.
B. Assignment of Error:
The State argues in its sole assignment of error that the trial court erred in granting the defendant’s motion to quash. We first note that the defendant did not submit a motion to quash to the trial court for consideration. Rather, the defendant filed a motion challenging the constitutionality of La. R.S. 14:95.1, arguing that the statute violated the 2012 amendment to Art. 1, § 11 of the Louisiana Constitution, which provides for a citizen’s right to keep and bear arms.
Irrespective of whether the defendant filed the motion to quash, the effect of the trial court’s ruling is that the bill of information was set aside, and the charges against the defendant were dismissed.
The State argues that the issue of whether La. R.S. 14:95.1 is unconstitutional as applied to this defendant was not before the trial court. The defendant agreed, stating in his appellee brief, “... in light of Hatton and Camese, [sthe district court could not find that § 14.95.1 is unconstitutional as applied in this case.”
In State v. Hatton, 07-2377 (La.7/1/08), 985 So.2d 709, the defendant filed a motion *725 to quash in which he raised two constitutional challenges, one as to equal protection and one as to derogation of the right to present a defense. The trial court granted the motion, but on the ground that the statute violated the defendant’s rights of access to the courts and of the accused.
The Supreme Court granted the State’s writ, and prior to addressing whether the trial court had erred, discussed whether the constitutionality was properly raised in the trial court. The Court reiterated a previously established three-step analysis that must be employed to consider a constitutional challenge:
First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 864-865. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute. State v. Schoening, 00-0903, p. 3 (La.10/17/00), 770 So.2d 762, 764 (citing Vallo v. Gayle Oil Co., Inc., 94-1238, p. 8 (La.11/30/94), 646 So.2d 859, 865). The opportunity to fully brief and argue the constitutional issues provides the trial court with thoughtful and complete arguments relating to the issue of constitutionality and furnishes reviewing courts with an adequate record upon which to consider the constitutionality of the statute. Id.
Id., 07-2377, pp. 14-15, 985 So.2d at 719.
The Court went on to explain that the grounds for the challenge must be raised in a pleading and that the grounds must be particularized. Thus, “to properly confect a constitutional challenge, a party must raise the constitutional | tissue in the trial court by raising the unconstitutionality and the grounds outlining the basis of the alleged unconstitutionality in a pleading.” Id., 07-2377, p. 16, 985 So.2d at 720. Further, to allow the trial court to raise a challenge on its own or to allow a defendant to raise a challenge for the first time on appeal, denies the parties the opportunity to brief and argue the constitutional grounds. See Hatton, 07-2377, p. 18, 985 So.2d at 721. After finding that the defendant had properly raised his two constitutional challenges (equal protection and the right to present a defense), the Court found that the two constitutional bases on which the trial court based its ruling were not properly before it, as neither of those grounds were properly raised by the defendant in his motion to quash.[1] Because the trial court’s ruling was based upon constitutional grounds not raised by the defendant, the Supreme Court held that the trial court erred in granting the motion to quash. Id., 07-2377, p. 17, 985 So.2d at 721.
The Supreme Court also addressed the issue of properly raising a constitutional challenge in State v. Camese, 11-2534 (La.9/12/12), 99 So.3d 636. In Camese, the trial court sua sponte raised and decided a constitutional challenge in favor of the defendant. Again, the Supreme Court found that because no party had raised a challenge, there was no opportunity to prepare and argue the issue before the trial court. The Court again ruled that it was error for the trial court to raise the issue on its own motion. Id., 11-2534, pp.
Here, the trial court found that the statute was not unconstitutional per se, but *726 was unconstitutional as it applied to the facts of this case. The defendant argued that the statute was unconstitutional as it applied to him, but based on the 17fact that the predicate offense, possession with intent to distribute cocaine, was a non-violent offense. The trial court based its ruling on the fact that the gun in this case was non-functional.[2]
Therefore, we find that the trial court improperly relied on grounds not raised by the defendant[3] in finding the statute unconstitutional, and based on the prior rulings in Hatton and Camese, the trial court erred in quashing the bill of information.[4]
Accordingly, we reverse the ruling of the trial court, and remand this matter for further proceedings.
REVERSED AND REMANDED.

. The basis for the trial court’s ruling was that the defendant was deprived of his "constitutional right to access the courts” and "rights of the accused.”

. Louisiana courts have held that La. R.S. 14:95.1 does not require that a firearm be operable at the time of the arrest for possession. See, State v. Loper, 10-0582, p. 5 (La. App. 1 Cir. 10/29/10), 48 So.3d 1263, 1267; State v. Felder, 36,228, p. 4 (La.App. 2 Cir. 8/14/02), 823 So.2d 1107, 1110; State v. Hill, 562 So.2d 12, 14 (La.App. 5 Cir. 1990).

. The defendant raised the "as applied” challenge orally at the March 8, 2014 hearing. Thus, the challenge was not raised in a pleading, and the State did not have the opportunity to brief and prepare an argument.

.This Court recently decided State v. Dixon, 13-0396 (La.App. 4 Cir. 7/2/14), 146 So.3d 662, in which it was held that La. R.S. 14:95.1 survives strict scrutiny and is not an unconstitutional infringement on a defendant’s right to bear arms, as it is narrowly drawn to achieve a public safety interest. Also see, State In Interest of J.M., 13-1717 (La.1/28/14), 144 So.3d 853; State v. Draughted 13-0914 (La. 12/10/13), 130 So.3d 855.