STATE OF LOUISIANA      *      NO. 2023-K-0730

VERSUS      *

     COURT OF APPEAL

JEFFERY TURNER      *

     FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *


APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 557-565, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Joy Cossich Lobrano, Judge
Tiffany Gautier Chase)


Jason R. Williams
District Attorney
Brad Scott
Chief of Appeals
Zachary Phillips
Assistant District Attorney
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/RESPONDENT


Devin C. Jones
JOHN T. FULLER & ASSOCIATES, L.L.C.
650 Poydras St., Suite 2760
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/RELATOR


               **WRIT GRANTED; REVERSED**

               **DECEMBER 8, 2023**

Relator, the State of Louisiana, seeks review of the district court's October 19, 2023 ruling granting the motion to suppress evidence filed by the defendant, Jeffery Turner ("Defendant"). For the reasons that follow, we grant the writ and reverse the district court's ruling.

Defendant is charged with one count of aggravated assault with a firearm, a violation of La. R.S. 14:37.4. Defendant filed an omnibus motion to suppress evidence wherein he asserted that "the warrant was without probable cause, was based upon stale information, was based upon misrepresentations, intentional or inadvertent, and was otherwise in violation of the defendant's rights . . ."

Detective Sam Biscoe testified as the sole witness at the suppression hearing. Additionally, the search warrant authorizing the search of Defendant's residence, including the sworn application was introduced into evidence. The district court granted the motion to suppress, stating, "Motion to suppress is granted based on the witness testimony from the reports. One is silver. The weapon you're saying is in [the] reports is a dark-colored weapon."

Detective Biscoe testified that he conducted a follow-up investigation of an incident of road rage that occurred on I-10 West on January 10, 2023. The victim

1

had reported to the responding officer that as he entered onto I-10 West via the Orleans Avenue/Vieux Carré on-ramp, the driver of the vehicle traveling in the center lane did not allow him to merge into the center lane. The driver rolled down his window, asked the victim if he had not seen his vehicle, and directed an expletive to the victim; the victim responded that he had not seen the vehicle and shouted the expletive at the other driver. The two men continued to exchange the expletive until the other driver produced a silver handgun, pointed it at the victim, and stated, "Say it again." At this point, the victim discontinued the exchange and called the police to report the matter.

The victim described the offending vehicle to the 911 operator as a large, black mid-2000's SUV and provided the vehicle's license plate number. He also described his assailant as a medium to heavy-set black male with a brown complexion in his forties.

Detective Biscoe conducted a records check on the license plate and then on the vehicle's registered owner, which revealed that the vehicle was a black 2008 Ford Expedition and was registered to Defendant at a home address on New Orleans Street, New Orleans, Louisiana, 70119. A records check of the driver's license of Defendant revealed a date of birth, height, and weight consistent with the description of the assailant provided by the victim.

Detective Briscoe subsequently drove by Defendant's home address and observed the 2008 Ford Expedition parked in front of the residence "for an extended period of time, indicating that it was registered to that address and it belonged there." On January 20, 2023, Detective Briscoe obtained warrants authorizing the search of Defendant's residence and vehicle for "[f]irearms, ammunition, firearm asseccsories [sic], ammunition, mobile devises with GPS

data, [and] vehicle registration paperwork." During the search of Defendant's residence, Detective Briscoe recovered a black and blue colored Taurus 9 mm. handgun and an Airsoft gun, which he explained "was not an actual firearm, but looked very much like it."[1] No weapons were discovered inside Defendant's vehicle.

The State asserts in its writ application that the district court erred in granting Defendant's motion to suppress evidence because the firearm seized from Defendant's residence did not match the description of the firearm used in the offense, as indicated in Detective Briscoe's report. Specifically, the district court noted that the victim described the weapon as a silver handgun, while the firearm seized was apparently black and blue in color.

When evidence is seized pursuant to a search warrant, the defendant has the burden to prove the grounds of his motion to suppress evidence. La. C.Cr.P. at. 703(D). As delineated previously, the record demonstrates that Detective Briscoe searched Defendant's residence pursuant to a search warrant;[2] thus, Defendant bore the burden of proof on his motion to suppress.

Probable cause for the issuance of a search warrant is shown when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and evidence may be found at the place to be searched. *State v. Cunningham*, 11-0886, p. 6 (La. App. 4 Cir. 3/21/12), 88 So.3d 1196, 1201. An issuing magistrate's determination of probable cause for a search

---

[1] La. R.S. 14:37.4(B) defines "firearm" as "an instrument used in the propulsion of shot, shell, or bullets by the action of gunpowder exploded within it."

[2] The search warrant authorized the seizure of "firearms," without specification as to color.

warrant must be accorded great deference and does not involve certainties or proof beyond a reasonable doubt. *Cunningham*, 11-0886, p. 7, 88 So.3d at 1201 (citing *State v. Rodrigue*, 437 So.2d 830, 832-33 (La. 1983)). Reviewing courts should interpret the affidavit in a realistic and common sense fashion with an awareness that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation. *Id.* (citing *State v. Green*, 02-1022, p. 8 (La. 12/4/02), 831 So.2d 962, 969). Consequently, the task for a reviewing court is simply to insure that under the totality of the circumstances, the magistrate had a substantial basis for concluding probable cause to issue the warrant existed. *State v. Hankton*, 17-1108, p. 4 (La. 7/20/17), 222 So.3d 41, 44 (citing *State v. Lee*, 05-2098, p. 14 (La. 1/16/08), 976 So.2d 109, 122).

Detective Briscoe attested to sufficient facts to support the validity of the warrant. The supporting affidavit contains the victim's account of the altercation, including the assailant pointing a firearm at the victim and implicitly threatening to shoot him. Further, the victim provided the 911 operator with a description of the assailant and of the assailant's vehicle, including the license plate number. Records searches conducted by Detective Briscoe revealed that the vehicle involved in the assault was registered to Defendant at his New Orleans Street address. Detective Briscoe drove by Defendant's residence and observed the vehicle parked in front of the residence. Defendant offered no evidence to support the conclusory, boilerplate allegations of his motion to suppress that the warrant was not supported by probable cause, was based on stale information, was based on misrepresentations, and was otherwise unconstitutional.

Moreover, the district court granted Defendant's motion to suppress based solely on the reasoning that the firearm seized pursuant to the warrant was not the

4

same firearm described in the police report. However, the search warrant authorized the seizure of "firearms," etc., and the district court did not address Defendant's arguments regarding the validity of the warrant in its ruling from the bench. The district court's reasoning that the item seized was described differently in the police report than Det. Biscoe's testimony does not constitute a proper basis upon which to suppress the evidence pursuant to Defendant's motion to suppress.[3]

The United States Supreme Court has held that evidence seized pursuant to a warrant based on less than probable cause need not be suppressed if the officers who executed the warrant believed it to be validly issued. *State v. Long,* 03-2592, p. 6 (La. 9/9/04), 884 So.2d 1176, 1180 (citing *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). In *Leon*, the Court evaluated the costs and benefits of suppressing "reliable physical evidence seized by officers reasonably relying o[n] a warrant issued by a detached and neutral magistrate" and found that "such evidence should be admissible in the prosecution's case in chief." *Id.* (quoting *Leon*, 468 U.S. at 913, 104 S.Ct. at 3415). In formulating this judicially created good faith rule, the Court reasoned that the good faith of an officer in the execution of a warrant signed by a neutral magistrate should be enough for the evidence obtained as a result of the search to be admissible. *Id.* (citing *Leon*, 468 U.S. at 913, 104 S.Ct. at 3415). Thus, the Court expressed a strong preference for warrants over warrantless searches by allowing evidence

---

[3] Nonetheless, Defendant is not precluded from filing other motions addressing issues as to the relevancy of the seized firearm and the identification of the firearm used in the incident. We note that those issues were not included in Defendant's motion to suppress, and Defendant presented no argument at the hearing, nor were issues of relevancy and identification properly before the court. *See State v. Marshall*, 22-0145, p. 30 (La. App. 4 Cir. 6/15/22), 342 So.3d 1029, 1048 ("For a trial court to raise a challenge on its own, or to grant relief on grounds other than those asserted in a petition, deprives the parties an opportunity to brief and argue those grounds.") (citing *State v. Jackson*, 14-0655, p. 6 (La. App. 4 Cir. 11/26/14), 154 So.3d 722, 725).

seized in constitutionally questionable searches to be admissible into evidence if the officers were relying on a validly issued warrant. *Id.*

The Court in *Leon* based its ruling on the purpose of the exclusionary rule -- to deter police misconduct -- and found that suppression is not necessary unless some sort of police misconduct was implicated. The Court, however, set forth four instances in which the good faith doctrine would not apply: (1) where the affiant misled the magistrate by including misleading statements in the affidavit that the affiant knew were false or that he should have known were false in the absence of a reckless disregard for the truth; (2) where the magistrate abandoned his detached and neutral role; (3) where the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" or (4) where the warrant was so facially deficient that the officers could not presume it to be valid. *Long*, 03-2592, p. 7, 884 So.2d at 1181 (citing *Leon*, 468 U.S. at 923, 104 S.Ct. at 3421).

Applying these factors to the current case, we find that the record contains no evidence of any misleading statements that were contained in the affidavit presented to the magistrate. Notably, the affidavit stated that the victim described the gun used in the assault as being silver in color. Additionally, there was no evidence that the issuing magistrate was not neutral and detached, no evidence that the affidavit was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and no evidence of a deficiency in the warrant. We therefore find that none of the four *Leon* exceptions applies to justify suppression of this evidence that was seized pursuant to a warrant.

We conclude that the district court abused its discretion in granting Defendant's motion to suppress evidence seized from Defendant's residence

pursuant to the warrant. We therefore grant this writ application and reverse the district court's ruling of October 19, 2023 granting Defendant's motion to suppress evidence.