PER CURIAM.
h The state has appealed for the second time from a ruling by the district court declaring La.R.S. 32:101(A)(1), which requires that a vehicle approaching and making a right hand turn do so “as close as practicable to the right-hand curb or edge of the roadway,” unconstitutionally vague.
In State v. Duheart, 12-0085 (La.10/26/12), - So.3d -, 2012 WL 5275493, this Court held that the district court erred in sua sponte declaring this statute unconstitutional as a basis for granting defendant’s motion to suppress evidence seized from him during a routine traffic stop of the vehicle in which he was riding as a passenger. In the event that its declaration of unconstitutionality did not survive appellate review, the district court also ruled that the pat-down search of defendant was justified, and, therefore, the firearm that this search yielded would not be suppressed. The court further ruled that statements made by defendant after the weapon was found but before he received Miranda warnings would be suppressed. We reversed the judgment of the district court to the extent that it suppressed the evidence based on a finding *240 that La.R.S. 32:101 is unconstitutionally vague and remanded for reconsideration of its ruling of the motion to suppress.
|2Pefendant thereafter filed a second motion to suppress in which he expressly contended that both La.R.S. 32:101(A)(1), and comparable Baton Rouge City Ordinance Title 11:100(1), are unconstitutionally vague. The Attorney General was duly notified and filed a response. After a hearing held on February 13, 2013, the district court again granted the motion to suppress, once more ruling that both the state statute and city ordinance are unconstitutionally vague, on their face and as applied to the particular circumstances in defendant’s case.
The district court erred, however, in addressing the constitutionality of the state statute and city ordinance in the context of a motion to suppress evidence conducted in a case in which the state has not charged defendant with violation of La. R.S. 32:101(A)(1), or the city ordinance, but with commission of another crime, felon in possession of a firearm in violation of La.R.S. 14:95.1. At the time of the stop, the police acted on the basis of a presumptively valid statute (or ordinance), and a subsequent finding by a court of unconstitutionality has no bearing on the validity of the initial stop, or of the subsequent seizure of evidence, when prosecution is not for violation of that statute or ordinance but for another offense. Michigan v. DeFillippo, 443 U.S. 31, 40, 99 S.Ct. 2627, 2633, 61 L.Ed.2d 343 (1979) (“The subsequently determined invalidity of the Detroit ordinance on vagueness grounds does not undermine the validity of the arrest made for violation of that ordinance, and the evidence [consisting of controlled substances found in a search incident to that arrest] should not have been suppressed [in a prosecution for possession of controlled substances].”). Thus, in the context of a motion to suppress the firearm found on his person after the traffic stop, and statements he made on the scene to the police afterwards, defendant’s constitutional challenge presented the court with a purely hypothetical question that should not have had any bearing on the outcome of the motion, and was not a justiciable controversy 13ripe for review. See Louisiana Federation of Teachers v. State, 11-2226, pp. 4-5 (La.7/2/12), 94 So.3d 760, 763 (“The jurisprudence of this court is well settled that, courts will not render advisory opinions. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely.... [A] case is not ripe for review unless it raises more than a generalized, speculative fear of unconstitutional action.”) (citations omitted).
Therefore, the judgment of the district court is again reversed to the extent that it suppressed the evidence based on a finding that La.R.S. 32:101(A)(1) is unconstitutionally vague. The case is remanded to the district court for reconsideration of its ruling on the motion to suppress and for further proceedings consistent with the views expressed herein.
JUDGMENT REVERSED; CASE REMANDED.