WEIMER, J.,
concurring in part, dissenting in part.
|,I agree that a full Pñeur inquiry into the admissibility of other crimes evidence is necessary. See La. C.E. art. 404(B)(1) and State v. Prieur, 277 So.2d 126 (La.1973). As the majority notes, prior jurisprudence of this court holds: “Remoteness in time, in most cases, is only one factor to be considered when determining whether the probative value of the evidence outweighs its prejudicial effect. Generally, a lapse in time will go to the weight of the evidence, rather than to its admissibility.” State v. Jackson, 625 So.2d 146, 149 (La.1993). Inasmuch as the district court did not conduct a full Pneur inquiry because the state’s other crimes evidence was remote in time to the presently charged offense, I concur that a remand is appropriate for an evidentiary hearing.
However, I respectfully dissent from the majority’s additional “guidance on the proper admission of Prieur evidence.” State v. Altenberger, 13-KK-2518, p. 7 (La.4/11/14), 139 So.3d 510, 514, 2014 WL 1407762. Although well-intentioned, the additional “guidance” on what may be admissible at trial is premature and hence advisory. Furthermore, as indicated in a per curiam filed by the trial court, this matter presents in an unique and difficult procedural posture.
Beyond that portion of the per curiam relating to the necessity of conducting a Prieur hearing, the majority accepts the state’s arguments made in this court, but those arguments have never been raised in the first instance in the district court. Because, as the per curiam rightly points out, there has never been a Prieur hearing, it remains to be seen whether the state can — or will — seek to introduce the alleged other crimes evidence for the purposes indicated to this court. In conclusion, because of this court’s longstanding refusal to issue advisory opinions, I dissent from the discussion of potential uses of the alleged other crimes evidence because I believe the per curiam goes too far by opining on matters that have not been and may never be presented in the district court. See State v. Duheart, 13-1105 p. 3 (La.6/14/13), 120 So.3d 239, 240 (“The jurisprudence of this court is well settled that, courts will not render advisory opinions. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely....”), quoting Louisiana Federation of Teachers v. State, 11-2226, pp. 4-5 (La.7/2/12), 94 So.3d 760, 763.